UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH JOHNSON JR.**<br><br>Plaintiff,<br><br>v.<br><br>**US DEPARTMENT OF EDUCATION**<br><br>and<br><br>**ACS**<br>ACS Education Solutions, LLC<br>12410 Milestone Center Drive<br>Germantown, MD 20876<br><br>Defendants. | Case: 1:07-cv-02183<br>Assigned To: Robertson, James<br>Assign. Date: 12/4/2007<br>Description: Admn. Agency Review |

## DEFENDANT ACS'S MOTION TO DISMISS

COMES NOW Defendant ACS Education Solutions, LLC ("ACS"), and pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves the Court to issue an Order dismissing with prejudice the Complaint filed by Plaintiff Joseph Johnson, Jr.[1] The grounds for ACS's motion are that the Court lacks subject matter jurisdiction over Plaintiff's causes of action against ACS and, alternatively, that Plaintiff's Complaint fails to state a claim upon which relief may be granted. Support for ACS's Motion is set forth in the attached "Defendant ACS's Memorandum in

---

[1] Pursuant to Court Order, this case has been designated for electronic filing. Because no appearances by counsel have been entered as yet for the Plaintiff or co-defendant, they are being served with this motion, supporting memorandum and proposed order by U.S. mail.

Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim upon which Relief May Be Granted," submitted contemporaneously herewith.

WHEREFORE, ACS respectfully requests that the Court issue an Order dismissing with prejudice the Complaint in this matter, and granting such further relief as the Court may deem appropriate.

        Respectfully submitted,

        __/s/_ William W. Thompson, Jr._
        William W. Thompson, Jr.
        WThompson@pecklaw.com
        D.C. Bar No. 222521
        PECKAR & ABRAMSON, P.C.
        1133 21st Street, N.W., Suite 500
        Washington, D.C. 20036
        (202) 293-8815 Telephone
        (202) 293-7994 Facsimile

        Attorneys for ACS Education Solutions, LLC

Attachment (Memorandum in Support of Motion to Dismiss)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH JOHNSON, JR.** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case: 1:07-cv-02183 |
| ) | Assigned To: Robertson, James |
| ) | Assign. Date: 12/4/2007 |
| **US DEPARTMENT OF EDUCATION** ) | Description: Admn. Agency Review |
| ) | |
| and ) | |
| ) | |
| **ACS** ) | |
| ACS Education Solutions, LLC ) | |
| 12410 Milestone Center Drive ) | |
| Germantown, MD 20876 ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT ACS'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

**I.    INTRODUCTION**

Defendant ACS Education Solutions, LLC ("ACS") moves the Court to issue an Order dismissing with prejudice the Complaint of Plaintiff Joseph Johnson, Jr., pursuant to Rule 12(b)(1) or, alternatively, Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff's Complaint fails to allege any cause of action against Defendant ACS in contract, tort, at law, or in equity.  Plaintiff's Complaint also fails to establish a basis for subject matter jurisdiction over ACS. Plaintiff asserts jurisdiction based on 28 U.S.C. §1331 (Federal Question) and §1346 (United States as Party). Yet, no federal question claims are alleged against ACS.  Further,

because ACS is a private corporate entity, ACS is not subject to claims under §1346 as a matter of law. These jurisdictional defects cannot be corrected, and the Complaint against ACS should be dismissed with prejudice.

## II. STATEMENT OF FACTS

1. Plaintiff acknowledges in paragraph 1 of the complaint that Defendant ACS is a contractor that performed services for the United States Department of Education (the "Education Department").

2. Plaintiff refers to Defendant simply by the abbreviation "ACS" in describing ACS Education Solutions, LLC, the entity that actually performed student loan processing services on behalf of the Education Department.

3. Plaintiff's references to Defendant ACS are limited to paragraphs 4, 20, 22, 23, 24, 25 and 29. In none of these paragraphs does Plaintiff allege any tort, breach of contract, or violation of statutory or Constitutional rights by ACS.

4. Plaintiff's Complaint fails to recite any cause of action against ACS.

5. Paragraph 29 seeks declaratory relief against Defendants, which is described in the Prayer for Relief as "a declaratory judgment declaring that the loans the Plaintiff obtained from Defendants meet the statutory or regulatory requirement for discharge based on the False Certification Disqualifying Status." Defendant ACS processes student loan payments for the Education Department. Plaintiff does not allege that ACS is in the business of providing student loans, that ACS provided any student loans to Plaintiff, or that ACS entered into a contractual relationship of any kind with Plaintiff.

### III. STANDARD OF REVIEW

Dismissal of Plaintiff's claims against Defendant ACS is appropriate under Fed.R.Civ.P. 12(b)(1) if the court lacks subject matter jurisdiction or, alternatively, under Fed.R.Civ.P. 12(b)(6) if the Complaint fails to state a cause of action for which relief may be granted. When a defendant challenges subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), the plaintiff bears the burden of proving that subject matter jurisdiction does, in fact, exist. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 119 L.Ed.2d 351 (1992); *Vick v. Foote, Inc.*, 82 F.3d 411 (4th cir. 1996), *cert. denied,* 519 U.S. 935 (1996); *Sullivan v. Potter,* 2006 WL 785289, *3, note 5 (D.D.C. March 28, 2006) ("the plaintiff bears the burden of establishing the court's subject matter jurisdiction," citing *Pitney Bowes, Inc. v. U.S. Postal Serv*., 27 F.Supp.2d 15, 19 (D.D.C.1998).). For purposes of a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), "[t]he court assumes that the factual allegations in the complaint are true, but it is not bound by the complaint's legal conclusions." *Western Associates Ltd. Partnership v. Market Square Associates,* 235 F.3d 629, 633 (D.C. Cir. 2001).

### IV. ARGUMENT

Plaintiff's claims against ACS should be dismissed on the grounds that: (1) Plaintiff does not allege facts that would establish subject matter jurisdiction over Defendant ACS, and (2) Plaintiff states no cause of action against Defendant ACS. Because these defects cannot be cured, dismissal of Plaintiff's claims with prejudice is warranted under Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

#### A. No Cause of Action Is Asserted against ACS

Plaintiff's Complaint fails to state any cause of action against ACS. Plaintiff does not allege a single legally enforceable obligation flowing from ACS to Plaintiff. Specifically, Plaintiff does not allege that a contract exists between Plaintiff and ACS, or that a tort duty exists between Plaintiff and ACS, or that ACS violated a statutory or regulatory obligation that ACS owed to Plaintiff. The

allegations in the Complaint merely assert that Plaintiff has been aggrieved by a decision of the Education Department denying Plaintiff's request to have his student loans discharged.

Plaintiff's complaint alleges no more than that ACS processed Plaintiff's request for the discharge of a loan obligation owed by Plaintiff to the government. ACS is thus situated in the same position as any other government contractor that provides services which implement a government program. Plaintiff asserts no improper or illegal conduct by ACS in the processing of Plaintiff's request, other than Plaintiff's dissatisfaction with the decision to deny Plaintiff's request that was rendered by the Education Department.

Plaintiff's complaint alleges certain events in the history of Plaintiff's efforts to obtain student loans and to then seek the discharge of those loans by the Education Department. There is no allegation that ACS made any determination with respect to the granting of any loan to Plaintiff. Plaintiff alleges that ACS initially denied Plaintiff's discharge application, but further alleges that Plaintiff "appealed" the denial to the Education Department, which made the ultimate decision on the merits to deny Plaintiff's application. Complaint, ¶¶ 25-28. Plaintiff does not allege that ACS had any role whatsoever in the Education Department's decision to deny Plaintiff's discharge application. As Plaintiff's Complaint recites, the authority to discharge a loan resides exclusively with the "Secretary" of the Education Department. Complaint, ¶ 15; 34 C.F.R. § 685.215(a). Plaintiff alleges that he has "exhausted all available administrative remedies." Complaint, ¶ 29. Thus, Plaintiff's remedy, if one exists, is against the Education Department in a court of competent jurisdiction.[1]

---

[1] Independently of the jurisdictional defects in Plaintiff's complaint, the fundamental basis for Plaintiff's claim – having received the benefit of more than $30,000 in student loans, he should now be the beneficiary of his status as a formerly incarcerated criminal – seems highly dubious at best. The purpose of the discharge provision in the regulations is to free students from loan obligations fraudulently secured by educational institutions, not to free students seeking to game the system. *See United States v. Davenport,* 1999 WL 405243 (N.D. Tex. June 18, 1999) (Summary judgment

Finally, the sole remedy sought by Plaintiff (as described in the final enumerated paragraph of the Complaint) seeks relief against both Defendants without ever identifying any legal basis upon which the remedy would be grounded:

> 29.   *The Plaintiff has exhausted all available administrative remedies and brings this action against the Defendants for declaratory relief by this Court.*

Plaintiff's prayer for relief describes the declaratory relief sought as follows:

> B.   *A declaratory judgment declaring that the loans the Plaintiff obtained from the Defendants meet the statutory or regulatory requirements based on False Certification Disqualifying Status*

Plaintiff's prayer for relief also seeks a monetary judgment based upon an unknown and unstated cause of action:

> A.   *The Plaintiff prays for judgment in his favor and against the Defendants in the amount of $2,977.32, plus cost and reasonable attorney fees*

Paragraph 13 of the Complaint asserts that Plaintiff paid $2,977.32 in student loan payments to ACS, but makes no other allegations as to the legal basis for Plaintiff's recovery of the student loan payments made by Plaintiff. The only statutory or regulatory references asserted by Plaintiff (which relate solely to the discharge of outstanding loan obligations) provide no basis for recoupment of previous loan repayments. Moreover, Plaintiff does not allege that ACS has or ever held a possessory interest in the loan proceeds. Indeed, Plaintiff could not make such as assertion, because ACS simply processes student loan payments for the Education Department and has no legal or equitable interest in those loan repayments.

---

obtained against the defendant, a former student who defaulted on his student loan when he could not repay it because of his incarceration.).

### B.    No Subject Matter Jurisdiction Exits over ACS

Plaintiff has not and cannot assert subject matter jurisdiction over ACS. Plaintiff's Complaint alleges jurisdiction against ACS pursuant to 28 U.S.C. §1331 (Federal Question) and §1346 (United States as Party). The allegations of the Complaint fail to support jurisdiction under either statute.

#### 1.    No federal question exists

Plaintiff asserts no federal question claims against ACS. "'[F]ederal question' cases . . . [are] those cases 'arising under the Constitution, laws, or treaties of the United States.'" *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546 (1987), quoting 28 U.S.C. § 1331. "'The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. at 392, 107 S.Ct. at 2429, citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13, 57 S.Ct. 96, 97-98 (1936).

The mere reference to a federal statute in a Complaint, without pleading a cause of action arising under the statute, is insufficient to create federal question jurisdiction. Plaintiff must allege that ACS had a duty arising under the law, the U.S. Constitution, or treaty; that ACS failed to meet the legal duty asserted; and that the failure to meet the legal duty provides legal recourse against ACS in federal court. Plaintiff alleges none of these jurisdictional requisites in his Complaint.

Plaintiff's sole reference to a law, constitutional right, or treaty in his Complaint is found in Paragraph 14 of the Complaint, which cites the Higher Education Act of 1965, Pub. L. No. 89-329. However, the Higher Education Act does not provide for any private right of action for individuals

disappointed with an administrative decision denying a request for a student loan discharge.[2] Plaintiff has plainly failed to assert any federal question with respect to ACS in the processing of Plaintiff's request for a loan discharge.

Plaintiff is barred from asserting a Constitutional claim against ACS. Although not pled, an inference may be drawn that Plaintiff complains of a lack of due process in the review of his request for a discharge of his student loans. But a Fifth Amendment due process claim cannot be lodged against a private corporate citizen. The United States Supreme Court has ruled that private corporate contractors are not subject to lawsuits based on their actions under the color of federal law. In the case of *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001), the Supreme Court held that private corporate citizens performing contractual services on behalf of the United States are not subject to claims brought by aggrieved citizens asserting claims for violation of a citizen's Constitutional rights.

In *Malesko*, the plaintiff suffered a heart attack while climbing stairs at a halfway house operated by a contractor for the Federal Bureau of Prisons. Plaintiff asserted jurisdiction under 28 U.S.C. §1331, based on a claim of negligence against the private contractor for failing to treat the plaintiff's medical condition and for preventing his use of an elevator in the halfway house. The Court held that 28 U.S.C. §1331 does not confer jurisdiction over private corporate citizens acting under the color of federal law. *Id.* at 66. In so doing, the Court specifically declined to extend the holding of *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), which recognized an implied private action for damages against federal officers in their individual capacity. The Supreme Court in

---

[2] The Higher Education Act provides that the Secretary of the Education Department may "sue or be sued." 20 U.S.C. § 1082(a)(2). Nothing in the Act authorizes an action against an Education Department contractor.

7

*Malesko* agreed with the lower district court ruling that a *Bivens* action may only be maintained against an individual and is not available against a corporate entity. *Id.* at 71.[3]

In essence, Plaintiff's grievance with the denial of his discharge request by the Education Department, justified or not, cannot be imputed to a government contractor performing related ministerial actions for the government. Plaintiff has simply failed to allege facts that would establish jurisdiction over ACS under 28 U.S.C. §1331.

        **2.**      **No jurisdiction exists over ACS in its capacity as a government contractor**

Plaintiff asserts that subject matter jurisdiction is also founded upon 28 U.S.C. §1346, which pertains to actions against the United States. Although the Complaint does not specify whether jurisdiction pursuant to 28 U.S.C. §1346 is asserted against Defendant ACS (in addition to Defendant Education Department), it is clear that 28 U.S.C. §1346 does not provide any basis for jurisdiction over a private corporate entity. As the ruling in *Malesko* explains, a private corporate entity performing services to citizens on the behalf of the United States government does not stand in the shoes of the United States government for jurisdictional purposes. Accordingly, no basis exists for jurisdiction over ACS under 28 U.S.C. §1346 because ACS does not stand in the shoes of the United States government.

        **C.**      **Plaintiff's Complaint Should Be Dismissed with Prejudice**

In *Firestone v. Firestone,* 76 F.3d 1205, 1209 (D.C. Cir.1996), the court held that dismissal with prejudice is warranted when the plaintiff's "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Thus, in *Jung v. Association of American*

---

[3] Government contractors are also immune from liability through the application of the "government contractor defense," which "protects a government contractor from liability for acts done by him while complying with government specifications during execution or performance of a contract with the United States." *McKay v. Rockwell Intern. Corp.,* 704 F.2d 444, 448 (9th Cir. 1983). Plaintiff does not allege that ACS's actions violated its contract with the Education Department.

*Medical Colleges,* 184 Fed. Appx. 9, 2006 WL 1582667 (D.C. Cir. 2006), the court upheld the district court's dismissal with prejudice under Fed.R.Civ.P. 12(b)(6) and 12(c), where the plaintiff could "prove no set of facts in support of [their] claim which would entitle [them] to relief," citing *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Plaintiff's claims of wrongful denial of loan discharge relate exclusively to a federal program which under no circumstances could give rise to a cause of action by Plaintiff against ACS. Because amendment of Plaintiff's Complaint cannot cure this defect, the claims against ACS are properly dismissed with prejudice.

### IV.   CONCLUSION

For the reasons set forth herein, ACS respectfully requests that the Court issue an Order dismissing with prejudice Plaintiff's Complaint against ACS, and awarding ACS its costs and attorney fees.

Respectfully submitted,

   /s/   William W. Thompson, Jr.
William W. Thompson, Jr.
WThompson@pecklaw.com
D.C. Bar No. 222521
PECKAR & ABRAMSON, P.C.
1133 21st Street, N.W., Suite 500
Washington, D.C.  20036
(202) 293-8815 Telephone
(202) 293-7994 Facsimile

Attorneys for ACS Education Solutions, LLC

9

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH JOHNSON JR.** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case: 1:07-cv-02183 |
| ) | Assigned To: Robertson, James |
| ) | Assign. Date: 12/4/2007 |
| **US DEPARTMENT OF EDUCATION** ) | Description: Admn. Agency Review |
| ) | |
| and ) | |
| ) | |
| **ACS** ) | |
| ACS Education Solutions, LLC ) | |
| 12410 Milestone Center Drive ) | |
| Germantown, MD 20876 ) | |
| ) | |
| Defendants. ) | |

**PROPOSED ORDER**

Upon consideration of Defendant ACS Education Solutions, LLC's ("ACS's") Motion to Dismiss, and any opposition filed thereto, it is therefore,

**ORDERED, ADJUDGED AND DECREED** that Defendant ACS's Motion to Dismiss is GRANTED, and further

**ORDERED** that Plaintiff's Complaint against Defendant ACS is hereby DISMISSED WITH PREJUDICE.

**DATED** this _____ day of _____, 2008.

_____
HON. JAMES ROBERTSON
United States District Judge
District Court for the District of Columbia

1

Pursuant to LCvR 7(k), the Parties to be served are:

Joseph Johnson, Jr. (Plaintiff, pro se)
607 Audrey Lane, #102
Oxon Hill, MD 20745

U.S. Department of Education (co-defendant)
Hon. Margaret Spellings, Secretary
400 Maryland Avenue, SW, FOB-6
Washington, D.C. 20202

William W. Thompson, Jr.
PECKAR & ABRAMSON, P.C.
1133 21st Street, N.W., Suite 500
Washington, D.C. 20036

**Certificate of Service**

The undersigned hereby certifies under penalty of perjury that, on this 31st day of December 2007, copies of Defendant ACS's Motion to Dismiss, Defendant ACS's Memorandum in Support of Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Cause of Action upon which Relief May Be Granted, and Proposed Order were served upon the following, via U.S. mail, first class postage prepaid:

> Joseph Johnson, Jr.
> 607 Audrey Lane, #102
> Oxon Hill, MD 20745
>
> U.S. Department of Education
> Margaret Spellings, Secretary
> 400 Maryland Avenue, SW, FOB-6
> Washington, D.C. 20202

_____/s/__William W. Thompson, Jr._____