## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH JOHNSON, JR.<br>607 AUDREY LANE #102<br>OXON HILL, MD        20745<br><br>         Plaintiff,<br><br>Vs.<br><br>US DEPARTMENT OF EDUCATION<br>SERVE: Margaret Spellings, Secretary<br>400 MARYLAND AVENUE, SW, FOB-6<br>WASHINGTON, DC        20202<br><br>         And<br><br>ACS EDUCATION SOLUTIONS, LLC<br>SERVE: KATHY KONKOL, VICE PRESIDENT<br>501 BLEECKER STREET<br>UTICA, NY        13501<br><br>         And<br><br>STUDENT LOAN MARKETING<br>ASSOCIATION<br>220 LASLEY AVENUE<br>WILKES-BARRE, PA        18706<br><br>         And<br><br>UNITED STUDENT AID FUNDS, INC.<br>P.O. BOX 6180<br>1100 USA PARKWAY<br>FISHERS, IN        46206<br><br>         Defendants. | Civil Action No: **1:07-cv-02183**<br>Assigned To: Robertson, James<br>Assign. Date: 12/4/2007<br>Description: Admn. Agency Rvw. |

### FIRST AMENDED COMPLAINT FOR
### DECLARATORY AND INJUNCTIVE RELIEF

Introduction

1. In Section 428(c) of the Higher Education Act Amendments of 1992, P.L. No. 102-325 (July 23, 1992) (codified at 20 U.S.C. §1087(c)) (hereafter "HEA"),

RECEIVED
JAN - 7 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Congress directed the Secretary of Education to discharge the loans of borrowers under the federal student loan program who were falsely certified as eligible students by the school receiving the loan funds. Plaintiff is an individual who was falsely certified by an institution of higher education, in College Park, Maryland, known as the University of Maryland University College ("UMUC"), and is entitled to discharge of his loans under the statute, but has been denied relief by the Defendants. Plaintiff seeks a judgment (i) directing the Secretary to discharge plaintiff's loans, including reimbursing plaintiff and taking all necessary steps to remove the penalties and disqualifications associated with any default on student loans.

## JURISDICTION

2.   This case arises under the Higher Education Act, 20 U.S.C. §1087(c), and the Administrative Procedure Act, 5 U.S.C. §706. This Court has jurisdiction under 28 U.S.C. §§1331, 1361, and 20 U.S.C. §1082(a)(2).

## PARTIES

3.   Plaintiff was a student at the UMUC in College Park, Maryland and signed Guaranteed Student Loans under the HEA, the proceeds of which were paid to UMUC. Plaintiff has applied for discharge of his loans under the false certification discharge provisions of 20 U.S.C. §1087(c), but his loans have not been discharged.

4.   Defendant Secretary of Education is sued in her official capacity as head of the United States Department of Education ("Secretary").

5.   Defendant ACS Education Solutions, LLC ("ACS"), is the servicer of Plaintiff's consolidated loans signed by Plaintiff. Under the Secretary's regulations, ASC is responsible for considering Plaintiff's request for discharge of the consolidated loans in

the first instance, and ASC is joined here as a defendant pursuant to Rule 19(a)(2) of the Federal Rules of Civil Procedure.

6.   Defendant Student Loan Marketing Association ("SLMA"), is the lender for the Guaranteed Student Loans signed by Plaintiff. Under the Secretary's regulations, SLMA is responsible for considering Plaintiff's request for discharge in the first instance, and SLMA is joined here as a defendant pursuant to Rule 19(a)(2) of the Federal Rules of Civil Procedure.

7.   Defendant United Student Aid Funds, Inc., is the guaranty agency for the Guaranteed Student Loans signed by Plaintiff. Under the Secretary's regulations, United Student Aid Funds is responsible for considering Plaintiff's request for discharge in the first instance, and United Student Aid Funds is joined here as a defendant pursuant to Rule 19(a)(2) of the Federal Rules of Civil Procedure.

### Background

A.   The Guaranteed Student Loan Program and the False Certification Discharge

8.   The Higher Education Assistance Act authorizes a federally-funded program of guaranteed loans under which guaranty agencies, operating under requirements established by statute, insure loans made to eligible students to attend eligible institutions, and the Secretary of Education reinsures guaranty agencies for losses on the loans caused by the borrowers' default. 20 U.S.C. §1071, et seq.

9.   UMUC was an institution operated in College Park, Maryland. The school offered a Paralegal studies program at various branches throughout Maryland and in the District of Columbia.

10. In order to be eligible to receive the proceeds of a guaranteed student loan, an institution such as UMUC must, among other requirements, admit as regular students only persons who have "the ability to benefit" from the training offered by the institution. 20 U.S.C. §1085(c); 34 C.F.R. §600.7(a) (1988). Before receiving the proceeds of a guaranteed student loan, a school such as UMUC must certify the borrower's eligibility for the loan. 34 C.F.R. §682.603.

11. The Secretary's regulations state that a student did not have the ability to benefit from training offered by the school if the school certified the eligibility of the student for a FFEL Program loan; and at the time of certification, the student would not meet the requirements for employment in the occupation for which the training program supported by the loan was intended because of a physical or mental condition, age, or criminal record or other reason accepted by the Secretary. 34 C.F.R. §682.402(e) (13) (iii) (A) (B).

12. The Secretary's regulations state that a student is eligible to receive title IV, HEA program assistance if the student "is not incarcerated". 34 C.F.R. §668.32(3).

13. The Department of Education defines an incarcerated student as a student who is "serving a criminal sentence in a Federal, State, or local penitentiary, prison, jail, reformatory, work farm, or other similar correctional institution". 34 C.F.R. §600.2.

14. In 1992, Congress mandated that if a student's eligibility to borrow under the Guaranteed Student Loan Program was falsely certified by the school, and the borrower received the loan on or after January 1, 1986, the Secretary shall discharge the borrowers' liability on the loan (including interest and collection fees) by repaying the amount of the loan. 20 U.S.C. §1087(c).

B.   Plaintiff's Loans

15.   Plaintiff enrolled in the UMUC on September 7, 1993, for a four year program of training as a professional paralegal.

16.   UMUC arranged for Plaintiff to sign loan documents for Guaranteed Student loans to pay tuition and fees for the UMUC program. The loan forms were provided by the Higher Education Assistance Foundation and the loans were disbursed between September 7, 1993 and May 12, 1996.

17.   On or about June 18, 2004, the Guaranteed Student Loans signed by Plaintiff were consolidated and are held by the Department of Education. Defendants SLMA and United Student Aid Funds were paid through the consolidation as either the lender or guaranty agency of the loans.

18.   At the time Plaintiff was admitted to UMUC, Plaintiff had a criminal record and was incarcerated in State and Federal jails and prisons serving both Federal and State sentences.

19.   UMUC did not properly determine that Plaintiff had the "ability to benefit" from the vocational training program in which Plaintiff enrolled. UMUC did not inquire of Plaintiff's criminal record or incarceration status, nor was Plaintiff required by UMUC to disclose any of this information.

C.   Secretary's False Certification Requirements

20.   On April 29, 1994, the Secretary adopted regulations which provide that, in order to qualify for a false certification discharge under 20 U.S.C. §1087(c), a borrower must, in addition to the requirements set forth in the statute, provide a sworn statement stating that the borrower either (i) withdrew from the school and did not find

5

employment in the occupation for which the program was intended to provide training; or (ii) completed the training and made a reasonable attempt to find employment in the occupation for which the program was intended to provide training but was not able to find employment in that occupation, or obtained employment only after receiving additional training. 34 C.F.R. §682.402(e) (3) (C).

21. In September 1995, the Department of Education issued guidance on application of the regulations concerning loan discharge based on an improper determination that a student had the ability-to-benefit from the school's training. The guidance states that, in order to demonstrate that the borrower made a "reasonable attempt" to obtain employment in the occupation for which he or she was trained, a borrower that completed the school's training program may be required to provide evidence he or she made three separate unsuccessful attempts to find a job in the specific occupation for which he or she was trained.

22. On November 16, 1999, the United States Court of Appeals for the District of Columbia Circuit struck down the Secretary's regulation and found it to be inconsistent with the governing statute. Jordan v. Secretary of Education, 338 U.S. App. D.C. 379; 194 F.3d 169; 1999 U.S. App. LEXIS 29849 (1999).

23. The Secretary's regulations on discharge provide that, to qualify for a discharge under 20 U.S.C. §1087(c) a borrower must submit a written request and sworn statement, and the guaranty agency for the loan shall have up to 90 days to review the borrowers' request and determine whether the discharge shall be granted. 34 C.F.R. §682.402(e)(3), §682.402(e)(6)(iv). If the guaranty agency denies the discharge request,

the regulations provide that the borrower may request review by the Secretary. Id. §682.402(e)(11).

D. Plaintiff's Requests for Discharge

24. On November 20, 2006, Plaintiff submitted a request for discharge of his student loans under the false certification provisions of 20 U.S.C. §1087(c), including a sworn statement showing that he met the statutory requirements for discharge. The request for discharge was sent to Defendant ACS and the Department of Education.

25. On May 7, 2007, ACS responded to Plaintiff's request for discharge with a generic form letter stating that Plaintiff did not inform the school of his status prior to enrollment.

26. On May 15, 2007, Plaintiff responded to ACS's letter essentially stating that 20 U.S.C. §1087(c) does not require that the borrower inform the school of his status prior to enrollment, nor did the school inquire of Plaintiff's status prior to enrollment.

27. On June 14, 2007, ACS denied Plaintiff's request for discharge on the grounds that Plaintiff did not provide documentation proving that he was denied for a license due to a criminal record.

28. On or about June 26, 2007, Plaintiff sought review of the ASC's decisions of his request for discharge by the Department of Education.

29. On September 6, 2007, the Department of Education denied Plaintiff's request for discharge on the grounds that there were no records that indicated that Plaintiff was enrolled in a training program that specifically and exclusively prepared him for employment in law enforcement or as a Paralegal, and because Plaintiff was not enrolled in law school.

30. On September 10, 2007, Plaintiff responded to the Department of Education's denial of his request for discharge. Plaintiff provided specific documentation that indicated that he was enrolled at the UMUC in a Paralegal training program that intended to prepare him for employment as a professional Paralegal.

31. On September 25, 2007, the Department of Education upheld its denial of Plaintiff's request for discharge, and stated that "no further consideration or response will be made to" Plaintiff regarding the matter. The Defendants have not granted plaintiff's request for a discharge.

32. A borrower whose student loan has not been discharged by the Secretary is subject to certain penalties if the borrower defaults, including seizure of federal tax refunds, 34 C.F.R. §30.33, reporting on their indebtedness to credit bureaus, 20 U.S.C. §1080a; 34 C.F.R. §682.410(b) (5), and disqualification from receiving any grant, loan or other financial assistance under Title IV federal financial aid programs. 20 U.S.C. §1091(a)(3); 34 C.F.R. §682.201(e).

33. Discharge under 20 U.S.C. §1087(c), entitles the borrower to relief from all of the penalties associated with default on a student loan and reimbursement of any money paid voluntarily or through enforced collection of the loan obligation, 34 C.F.R. §682.402(d)(2).

34. Plaintiff has paid over $2,977.32 on his student loan that has not been reimbursed through discharge.

## **CLAIM FOR RELIEF**

35. The Secretary's regulations and guidance requiring that borrowers provide evidence concerning employment, or attempts to obtain employment, in order to qualify for a discharge, are contrary to law and arbitrary and capricious, because 20 U.S.C. 1087(c) does not require that borrowers or students meet any such conditions to qualify for discharge.

36. Plaintiff satisfies the statutory conditions for discharge under 20 U.S.C. §1087(c).

37. The Secretary has failed and refused to perform her duty to discharge Plaintiff's loans under 20 U.S.C. §1087(c).

38 The Secretary, the guaranty agencies and ACS to which the Secretary has delegated responsibility for initially handling requests for discharge, have unreasonably delayed in discharging Plaintiff's loans under 20 U.S.C. §1087(c).

39. Plaintiff has been irreparably injured by the failure of the Secretary to perform her obligations under 20 U.S.C. §1087(c), and by the unreasonable delay in discharging Plaintiff's loans.

WHEREFORE, Plaintiff requests that the Court:

1. Declare that the Secretary's regulations and guidance imposing conditions concerning subsequent employment in order to qualify for discharge under 20 U.S.C. 1087(c) are unlawful and void;

2. Enter a declaratory judgment that the Secretary is obligated to discharge the liability on the loans of plaintiff, including reimbursing plaintiff for amounts collected

on the loan, and reporting to credit agencies or eligible institutions that plaintiff's loans have been discharged;

2.  Direct the Secretary to discharge the liability on the loans of plaintiff, including reimbursing plaintiff for amounts collected on the loan, and rescinding any reports to credit agencies or eligible institutions that plaintiff in default or are delinquent on any obligation to repay those student loans;

3.  Award plaintiff his costs and reasonable attorneys' fees in this action; and

4.  Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: January 7, 2008

Joseph Johnson, Jr.
607 Audrey Lane #102
Oxon Hill, MD  20745

## CERTIFICATE OF SERVICE

On January 7, 2008, a copy of the foregoing First Amended Complaint was mailed to:

U.S. Department of Education
Margaret Spellings, Secretary
400 Maryland Avenue, SW, FOB-6
Washington, DC  20202

       And

William W. Thompson, Jr.
PECKAR & ABRAMSON, P.C.
1133 21st Street, NW, Suite 500
Washington, DC  20036

*Joseph Johnson, Jr.* (signature)
Joseph Johnson, Jr.