UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH JOHNSON JR.** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> **US DEPARTMENT OF EDUCATION** ) <br> ) <br> and ) <br> ) <br> **ACS** ) <br> ACS Education Solutions, LLC ) <br> 12410 Milestone Center Drive ) <br> Germantown, MD 20876 ) <br> ) <br> Defendants. ) <br> ) | Case: 1:07-cv-02183 <br> Assigned To: Robertson, James <br> Assign. Date: 12/4/2007 <br> Description: Admn. Agency Review |

## DEFENDANT ACS'S MOTION TO DISMISS AMENDED COMPLAINT

COMES NOW Defendant ACS Education Solutions, LLC ("ACS"), and pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, hereby moves the Court to issue an Order dismissing with prejudice the Amended Complaint filed by Plaintiff Joseph Johnson, Jr. The grounds for ACS's motion are that the Court lacks subject matter jurisdiction over Defendant ACS, and, alternatively, that Plaintiff's Complaint fails to state a claim upon which relief may be granted. Support for ACS's Motion is set forth in the attached "Memorandum in Support of Motion to Dismiss Amended Complaint Against Defendant ACS" submitted contemporaneously herewith.

WHEREFORE, ACS respectfully requests that the Court issue an Order dismissing with prejudice the Amended Complaint against ACS in this matter, and granting such further relief as the Court may deem appropriate.

Respectfully submitted,

__/s/_ William W. Thompson, Jr._
William W. Thompson, Jr.
WThompson@pecklaw.com
D.C. Bar No. 222521
PECKAR &  ABRAMSON, P.C.
1133 21st Street, N.W., Suite 500
Washington, D.C.  20036
(202) 293-8815 Telephone
(202) 293-7994 Facsimile

Attorneys for ACS Education Solutions, LLC

Attachment (Memorandum in Support of Motion to Dismiss Amended Complaint)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH JOHNSON, JR. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>US DEPARTMENT OF EDUCATION )<br>)<br>and )<br>)<br>ACS )<br>ACS Education Solutions, LLC )<br>12410 Milestone Center Drive )<br>Germantown, MD 20876 )<br>)<br>Defendants. )<br>) | Case: 1:07-cv-02183<br>Assigned To: Robertson, James<br>Assign. Date: 12/4/2007<br>Description: Admn. Agency Review |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
AMENDED COMPLAINT AGAINST DEFENDANT ACS**

**I. INTRODUCTION**

Defendant ACS Education Solutions, LLC ("ACS") moves the Court to issue an Order dismissing with prejudice the Amended Complaint of Plaintiff Joseph Johnson, Jr., pursuant to Rule 12(b)(1), Rule 12(b)(6), or alternatively Rule 15(a) of the Federal Rules of Civil Procedure. Plaintiff's Amended Complaint does not purport to allege any cause of action against Defendant ACS in contract, tort, at law, or in equity. Instead, the Plaintiff alleges subject matter jurisdiction over Defendant ACS based solely on the assertion that ACS is a necessary party under Fed.R.Civ.P. 19(a).

3

But the law of this Circuit is clear that jurisdiction under Rule 19(a) cannot stand if no viable cause of action exists against the party sought to be joined as a necessary party. Because Plaintiff has not and cannot assert a cause of action against ACS, and because ACS is not otherwise a necessary party to this lawsuit, the jurisdictional defect cannot be cured and the Complaint against ACS should be dismissed with prejudice.

## II.  STATEMENT OF FACTS

1. Plaintiff acknowledges in paragraph 1 of the Amended Complaint that the Secretary of Education was directed by Congress to discharge the loans of borrowers under the federal student loan program who were falsely certified.

2. Plaintiff's references to Defendant ACS are limited to paragraphs 4, 24, 25, 26, 27, 28 and 38. In none of these paragraphs does Plaintiff allege any tort, breach of contract, or violation of statutory or Constitutional rights by ACS.

3. Plaintiff's Complaint fails to recite any cause of action against ACS.

4. Paragraph 39 seeks declaratory relief against Defendants, which, in the Claim for Relief, requests that the Court (1) "Declare that the Secretary's regulations and guidance imposing conditions concerning subsequent employment in order to qualify for discharge under 20 U.S.C. 1087(c) are unlawful and void"; (2) "Enter a declaratory judgment that the Secretary is obligated to discharge the liability on the loans of plaintiff, including reimbursing plaintiff for amounts collected on the loan, and reporting to credit agencies or eligible institutions that plaintiff's loans have been discharged; and (3) "Direct the Secretary to discharge the liability on the loans of plaintiff, including reimbursing plaintiff for amounts collected on the loan, rescinding any reports to credit agencies or eligible institutions that plaintiff [is] in default or [is] delinquent on any obligation to repay those student loans."

5. Defendant ACS processes student loan payments for the Education Department. Plaintiff does not allege that ACS is in the business of providing student loans, that ACS provided any student loans to Plaintiff, or that ACS entered into a contractual relationship of any kind with Plaintiff.

6. Defendant ACS filed its Motion to Dismiss the original Complaint on December 31, 2007. Plaintiff filed his Amended Complaint on January 7, 2008, without receiving written consent from ACS or other defendants, and without leave of the Court.

### III. PLAINTIFF'S AMENDMENT IS IMPROPER

Plaintiff improperly amended his Complaint by failing to first seek leave of the Court. Fed.R.Civ.P 15(a) provides that after a responsive pleading has been filed, a party may amend its pleading only with the opposing party's written consent or leave of the Court. The Court has the discretion to deny Plaintiff leave to amend his complaint as it was filed improperly. *Sinclair v. Kleindienst*, 645 F.2d 1080, 1085 (C.A.D.C., 1981); *Foman v. Davis*, 371 U.S. 178, 182 (1962). "There is no absolute or automatic right to amend." *Rouse v. Walter & Associates, L.L.C.*, 242 F.R.D. 519. Nevertheless, in the interest of judicial economy, and in recognition that leave to amend is freely granted, Defendant ACS will proceed herein to address the substantive basis for Dismissal of the Amended Complaint, understanding the Court may decide, *sua sponte*, that the Amended Complaint is not properly before the Court and parties.

### IV. STANDARD OF REVIEW

Dismissal of Defendant ACS as a party to this lawsuit is appropriate under Fed.R.Civ.P. 12(b)(1) if the court lacks subject matter jurisdiction or, alternatively, under Fed.R.Civ.P. 12(b)(6) if the Complaint fails to state a cause of action for which relief may be granted. When a defendant challenges subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), the plaintiff bears the burden of

proving that subject matter jurisdiction does, in fact, exist. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 119 L.Ed.2d 351 (1992); *Vick v. Foote, Inc.*, 82 F.3d 411 (4th cir. 1996), *cert. denied,* 519 U.S. 935 (1996); *Sullivan v. Potter,* 2006 WL 785289, *3, note 5 (D.D.C. March 28, 2006) ("the plaintiff bears the burden of establishing the court's subject matter jurisdiction," citing <u>Pitney Bowes, Inc. v. U.S. Postal Serv., 27 F.Supp.2d 15, 19 (D.D.C.1998)</u>.). For purposes of a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), "[t]he court assumes that the factual allegations in the complaint are true, but it is not bound by the complaint's legal conclusions." *Western Associates Ltd. Partnership v. Market Square Associates,* 235 F.3d 629, 633 (D.C. Cir. 2001).

## V.  ARGUMENT

Plaintiff, in apparent recognition of the failure of his Complaint to allege any cause of action against ACS, has amend the Complaint to assert jurisdiction over ACS as a 'necessary party' to the lawsuit pursuant to F.R.Civ.Proc. 19(a). <u>See</u> Amended Complaint ¶5.  Plaintiff's amendment has wholly eliminated any request for relief or recovery against ACS, and instead seeks relief solely against Defendant Secretary of Education. For the reasons stated herein, Plaintiff's Complaint fails to state, and cannot state, a basis for establishing jurisdiction over ACS as a necessary party under Fed. R. Civ. P 19., and therefore the Amended Complaint is properly dismissed with prejudice.

### A. ACS is Not a Necessary Party

Plaintiff's conclusory assertion in the Amended Complaint that ACS is a necessary party is not supported by law. A party is necessary and to be joined, if feasible, only if: (1) complete relief cannot be accorded in its absence; (2) the absentee's ability to protect its interests may be impaired by the disposition of the action; or (3) those already parties will be subject to a substantial risk of incurring inconsistent obligations because of the absence. *Cloverleaf Standardbred Owners Ass'n,*

*Inc. v. National Bank of Washington*, 699 F.2d 1274, 1278-1279, (C.A.D.C.,1983), interpreting Fed.R.Civ.P. 19(a). None of these criteria exist here.

As argued in ACS's Motion to Dismiss the original Complaint, ACS has no legal authority or ability to discharge Plaintiff's student loans or otherwise direct or cause the Secretary of Education to discharge Plaintiff's loans. Plaintiff's Amended Complaint seeks a remedy expressly directed to the Secretary of Education and no one else, as follows:

> (1) a declaration that the Secretary's regulations and guidance imposing conditions concerning subsequent employment in order to qualify for discharge under 20 U.S.C. 1087(c) are unlawful and void; (2) a declaration that the Secretary is obligated to discharge the liability on the loans of plaintiff, including reimbursing plaintiff for amounts collected on the loan, and reporting to credit agencies or eligible institutions that plaintiff's loans have been discharged; and (3) direction to the Secretary to discharge the liability on the loans of plaintiff, including reimbursing plaintiff for amounts collected on the loan, and rescinding any reports to credit agencies or eligible institutions that plaintiff in default or are delinquent on any obligation to repay those student loans.

Amended Complaint Claim for Relief ¶¶1-3. Plaintiff does not assert, as it cannot, that ACS has any power to grant Plaintiff his requested relief. The purpose of Fed.R.Civ.P. 19 is "to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." *Davis Companies v. Emerald Casino, Inc.*, 268 F.3d 477, *481 (C.A.7 (Ill.), 2001).

Where a parties' presence in the lawsuit is not needed to afford Plaintiff its requested full relief, it is not a necessary party. Plaintiff Johnson seeks relief solely from the Department of Education in discharge of his student loans. ACS cannot provide the relief sought, and ACS is unaffected by the final determination as to whether Plaintiff's request for discharge of his student loans was properly denied. ACS has no stake, financial or legal, in the outcome of this lawsuit.

7

In a recent analogous decision, it was held that the District of Columbia was not a proper or necessary party defendant to an action brought by a charter school appealing the decision of an independent hearing officer who directed that the charter school pay for independent education evaluation of one of its students. In *Friendship Edison Public Charter School Chamberlain Campus v. Smith ex rel. L.S.*, 429 F.Supp.2d 195 (D.D.C. 2006), the Court noted that the hearing officer's decision affected only the student, the student's parents, and the plaintiff charter school. The Court reasoned that regardless of the outcome of the lawsuit, the District of Columbia would not be affected, and therefore dismissal of the District of Columbia was proper, as it was neither a proper or necessary party. *Friendship Edison* at 196.

Moreover, a fundamental requirement for pleading a necessary party under Fed. R.C.Proc 19(a) is the assertion of a cause of action over the party to be joined. "[I]t is implicit in Rule 19(a) itself that before a party will be joined ... as a defendant the plaintiff must have a cause of action against it.". *Davenport v. International Broth. of Teamsters, AFL-CIO*, 166 F.3d 356 (C.A.D.C. 1999), citing *Vieux Carre Property Owners, Residents & Assocs., Inc. v. Brown*, 875 F.2d 453, 457 (5th Cir.1989) . Plaintiff's Complaint and Amended Complaint assert no cause of action against ACS, and therefore cannot establish ACS as a necessary party under Rule 19(a).

Dismissing ACS from this action would preserve judicial resources and allow the court to focus on the merits of the case as they relate to the proper parties. As Plaintiff has failed to plead any facts indicating that ACS has an interest in this litigation, is necessary for a proper judgment, or has the ability to subject the remaining parties to inconsistent obligations, Plaintiffs' argument that ACS is a necessary party under Rule 19(a)(2) must fail.

**B. Plaintiff's Complaint Should Be Dismissed with Prejudice**

Dismissal with prejudice is warranted when the plaintiff's "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Firestone v. Firestone,* 76 F.3d 1205, 1209 (D.C. Cir.1996) Thus, in *Jung v. Association of American Medical Colleges,* 184 Fed. Appx. 9, 2006 WL 1582667 (D.C. Cir. 2006), the court upheld the district court's dismissal with prejudice under Fed.R.Civ.P. 12(b)(6) and 12(c), where the plaintiff could "prove no set of facts in support of [their] claim which would entitle [them] to relief," citing *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Plaintiff's claims of wrongful denial of loan discharge relate exclusively to a federal program which under no circumstances could give rise to a cause of action by Plaintiff against ACS. Because further amendment of Plaintiff's Complaint cannot cure this defect, the claims against ACS are properly dismissed with prejudice.

## VI. CONCLUSION

For the reasons set forth herein, ACS respectfully requests that the Court issue an Order dismissing with prejudice Plaintiff's Amended Complaint against ACS, and awarding ACS its costs and attorney fees.

Respectfully submitted,

__/s/__ William W. Thompson, Jr.__
William W. Thompson, Jr.
WThompson@pecklaw.com
D.C. Bar No. 222521
PECKAR & ABRAMSON, P.C.
1133 21st Street, N.W., Suite 500
Washington, D.C.  20036
(202) 293-8815 Telephone
(202) 293-7994 Facsimile

Attorneys for ACS Education Solutions, LLC

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOSEPH JOHNSON JR.** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case: 1:07-cv-02183 |
| ) | Assigned To: Robertson, James |
| ) | Assign. Date: 12/4/2007 |
| **US DEPARTMENT OF EDUCATION** ) | Description: Admn. Agency Review |
| ) | |
| and ) | |
| ) | |
| **ACS** ) | |
| ACS Education Solutions, LLC ) | |
| 12410 Milestone Center Drive ) | |
| Germantown, MD 20876 ) | |
| ) | |
| Defendants. ) | |

**PROPOSED ORDER**

Upon consideration of Defendant ACS Education Solutions, LLC's ("ACS's") Motion to Dismiss Amended Complaint Against ACS, and any opposition filed thereto, it is therefore,

**ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss Amended Complaint Against ACS is GRANTED, and further

**ORDERED** that Plaintiff's Amended Complaint against Defendant ACS is hereby DISMISSED WITH PREJUDICE.

**DATED** this _____ day of _____, 2008.

_____
HON. JAMES ROBERTSON
United States District Judge
District Court for the District of Columbia

Pursuant to LCvR 7(k), the Parties to be served are:

Joseph Johnson, Jr. (Plaintiff, pro se)
607 Audrey Lane, #102
Oxon Hill, MD 20745

U.S. Department of Education (co-defendant)
Hon. Margaret Spellings, Secretary
400 Maryland Avenue, SW, FOB-6
Washington, D.C. 20202

Student Loan Marketing Association (co-defendant)
220 Lasley Avenue
Wilkes-Barre, PA 18706

United Student Aid Funds, Inc. (co-defendant)
P.O. Box 6180
1100 USA Parkway
Fishers, IN 46206

William W. Thompson, Jr.
PECKAR & ABRAMSON, P.C.
1133 21st Street, N.W., Suite 500
Washington, D.C. 20036

**Certificate of Service**

The undersigned hereby certifies under penalty of perjury that, on this 17th day of January 2008, copies of Defendant ACS's Motion to Dismiss Amended Complaint Against ACS, Defendant ACS's Memorandum in Support of its Second Motion to Dismiss Amended Complaint Against ACS, and Proposed Order were served upon the following, via U.S. mail, first class postage prepaid:

> Joseph Johnson, Jr.
> 607 Audrey Lane, #102
> Oxon Hill, MD 20745
>
> U.S. Department of Education
> Margaret Spellings, Secretary
> 400 Maryland Avenue, SW, FOB-6
> Washington, D.C. 20202
>
> Student Loan Marketing Association
> 220 Lasley Avenue
> Wilkes-Barre, PA 18706
>
> United Student Aid Funds, Inc.
> P.O. Box 6180
> 1100 USA Parkway
> Fishers, IN 46206

_____/s/__William W. Thompson, Jr._____

242885 v1