UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH JOHNSON JR.**<br><br>Plaintiff,<br><br>v.<br><br>**US DEPARTMENT OF EDUCATION**<br><br>and<br><br>**ACS**<br>ACS Education Solutions, LLC<br>12410 Milestone Center Drive<br>Germantown, MD 20876<br><br>Defendants. | Case: 1:07-cv-02183<br>Assigned To: Robertson, James<br>Assign. Date: 12/4/2007<br>Description: Admn. Agency Review |

### DEFENDANT ACS'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT ACS'S MOTION TO DISMISS AMENDED COMPLAINT

Defendant ACS Education Solutions, LLC ("ACS") has moved the Court to issue an Order dismissing with prejudice the Amended Complaint of Plaintiff Joseph Johnson, Jr., pursuant to Rule 12(b)(1), Rule 12(b)(6), or alternatively Rule 15(a) of the Federal Rules of Civil Procedure. ACS had earlier moved to dismiss Plaintiff's Complaint on the ground that Plaintiff failed to allege subject matter jurisdiction and otherwise failed to state a cause of action. Defendant responded by filing an amended Complaint naming ACS as a necessary party under Rule 19.

ACS's current motion to dismiss is based upon Plaintiff's failure to allege subject matter jurisdiction in its Amended Complaint, failure to state a cause of action, and failure to otherwise establish that ACS is a necessary party. As ACS's motion papers clearly demonstrated, the law in the

District of Columbia law clearly supports dismissal of Plaintiff's Complaint. *See Davenport v. International Broth. of Teamsters, AFL-CIO*, 166 F.3d 356 (D.C. Cir. 1999), citing *Vieux Carre Property Owners, Residents & Assocs., Inc. v. Brown*, 875 F.2d 453, 457 (5th Cir.1989); and *Friendship Edison Public Charter School Chamberlain Campus v. Smith ex rel. L.S.*, 429 F.Supp.2d 195 (D.D.C. 2006). Plaintiff's Opposition does not address the substance of ACS's motion. Accordingly, Plaintiff concedes that the court has no subject matter jurisdiction over ACS and that ACS is not a necessary party.

Instead of addressing the merits of ACS's motion, Plaintiff's Opposition is based upon the remarkable premise that ACS Education Solutions, LLC is not yet a party, and thus has no standing to file its motion to dismiss. However, this argument is completely at odds with the plain language of Plaintiff's own Amended Complaint, which specifically alleges:

> Defendant ACS Education Solutions, LLC ("ACS") is the servicer of Plaintiff's consolidated loans signed by Plaintiff. Under the Secretary's regulations, ASC (sic) is responsible for considering Plaintiff's request for discharge of the consolidated loans in the first instance, and ASC (sic) is joined here as a defendant pursuant to Rule 19(a)(2) of the Federal Rules of Civil Procedure.

Amended Complaint, ¶ 5. The undisputed facts are that: (1) ACS Education Solutions, LLC identified itself as the correct ACS entity in its initial motion to dismiss; (2) its counsel entered a Notice of Appearance on behalf of ACS Education Solutions, LLC; (3) Plaintiff named ACS Education Solutions, LLC as a defendant in Plaintiff's Amended Complaint; and (4) Plaintiff served a copy of the Amended Complaint upon counsel for ACS Education Solutions, LLC.[1] Thus, ACS has standing for its motion.

---

[1] The caption of Plaintiff's Amended Complaint explicitly identified ACS Education Solutions, LLC as a defendant. Now, in its Opposition, Plaintiff conveniently dropped the name ACS Education Solutions, LLC.

As was the case with Plaintiff's Amended Complaint, Plaintiff's Opposition is simply a tactic aimed at avoiding the consequences of a legally deficient pleading. ACS should be dismissed forthwith from a litigation to which it clearly should never have been a party.

WHEREFORE, ACS respectfully requests that the Court issue an Order dismissing with prejudice the Amended Complaint against ACS in this matter, awarding ACS its attorneys' fees, and granting such further relief as the Court may deem appropriate.

Respectfully submitted,

　/s/ William W. Thompson, Jr.
William W. Thompson, Jr.
WThompson@pecklaw.com
D.C. Bar No. 222521
PECKAR & ABRAMSON, P.C.
1133 21st Street, N.W., Suite 500
Washington, D.C. 20036
(202) 293-8815 Telephone
(202) 293-7994 Facsimile

Attorneys for ACS Education Solutions, LLC

**Certificate of Service**

The undersigned hereby certifies under penalty of perjury that, on this 7th day of February 2008, a copy of Defendant ACS's Reply to Plaintiff's Opposition to ACS's Motion to Dismiss Amended Complaint, which was filed electronically, was served upon the following, via U.S. mail, first class postage prepaid:

>Joseph Johnson, Jr.
>607 Audrey Lane, #102
>Oxon Hill, MD 20745
>
>Student Loan Marketing Association
>220 Lasley Avenue
>Wilkes-Barre, PA 18706
>
>United Student Aid Funds, Inc.
>P.O. Box 6180
>1100 USA Parkway
>Fishers, IN 46206

The undersigned further certifies that I understand that notice of Defendant ACS's Reply to Plaintiff's Opposition to ACS's Motion to Dismiss Amended Complaint, which was filed electronically, will be sent by operation of the Court's electronic filing system to:

>Claire M. Whitaker, AUSA
>UNITED STATES ATTORNEY'S OFFICE
>555 4th Street, NW
>Suite E-4204
>Washington, DC 20816
>
>Trial Attorney for
>United States Department of Education

_____/s/__William W. Thompson, Jr.____