## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH JOHNSON, JR.** ) | |
| ) | |
|    **Plaintiff** ) | |
| ) | |
|    **v.** ) | **Case No. 1:07-cv-02183-JR** |
| ) | |
| **U.S. DEPARTMENT OF EDUCATION** ) | |
| *et al.* ) | |
| ) | |
| **and** ) | |
| ) | |
| **UNITED STUDENT AID FUNDS, INC.** ) | |
| **10475 Crosspoint Blvd., Suite 230** ) | |
| **Indianapolis, IN 46256** ) | |
| ) | |
|    **Defendants** ) | |

## MOTION TO DISMISS

Defendant United Student Aid Funds, Inc. ("USA Funds"), by counsel, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss with prejudice the First Amended Complaint filed herein by Plaintiff Joseph Johnson, Jr. on the ground that it fails to state a claim upon which relief may be granted against USA Funds, and in support thereof, respectfully refers the Court to the accompanying Memorandum of Points and Authorities.

                                       /s/
                              Brian F. Kenney (DC Bar # 420539)
                              Attorneys for USA Funds, Inc.
                              Miles & Stockbridge P.C.
                              1751 Pinnacle Drive, Suite 500
                              McLean, VA 22102
                              Phone: (703) 610-8664
                              Fax: (703) 610-8686
                              bkenney@milesstockbridge.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Claire M. Whitaker, Esq.
Attorney for U.S. Department of Education
United States Attorney's Office
555 4th Street, NW
Suite E-4204
Washington, DC 20816
Phone: (202) 514-7137
Fax: (202) 514-8780
claire.whitaker@usdoj.gov

Fred Elmore Haynes, Esq.
Attorney for U.S. Department of Education
United States Attorney's Office
555 4th Street, NW
Room E – 4110
Washington, DC 20530
Phone: (202) 514-7201
Fax: (202) 514-8780
fred.haynes@usdoj.gov

William W. Thompson, Jr., Esq.
Attorneys for ACS Education Solutions, LLC
Peckar & Abramson, P.C.
1133 21st Street, NW
Suite 500
Washington, DC 20036
Phone: (202) 293-8815
Fax: (202) 293-7994
wthompson@pecklaw.com

And I hereby certify that I will mail the document by U.S. mail to the following non-filing users:

Joseph Johnson, Jr.
607 Audrey Lane #102
Oxon Hill, MD 20745
Phone: (301) 686-0531

Student Loan Marketing Association
220 Lasley Avenue
Wilkes-Barre, PA 18706


_____ /s/
Brian F. Kenney (DC Bar # 420539)
Attorneys for USA Funds, Inc.
Miles & Stockbridge P.C.
1751 Pinnacle Drive, Suite 500
McLean, VA 22102
Phone: (703) 610-8664
Fax: (703) 610-8686
bkenney@milesstockbridge.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JOSEPH JOHNSON, JR.** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| v. | ) | **Case No. 1:07-cv-02183-JR** |
| | ) | |
| **U.S. DEPARTMENT OF EDUCATION** | ) | |
| *et al.* | ) | |
| | ) | |
| **Defendants** | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**UNITED STUDENT AID FUNDS, INC.'S MOTION TO DISMISS**

Defendant United Student Aid Funds, Inc. ("USA Funds"), by counsel, submits this Memorandum in support of its Motion to Dismiss the First Amended Complaint filed herein by Plaintiff Joseph Johnson, Jr. pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**INTRODUCTION**

In this declaratory judgment action, Plaintiff seeks a declaration that the United States Secretary of Education must discharge Plaintiff's student loans pursuant to 20 U.S.C. § 1087(c) of the Higher Education Act (the "HEA"). The First Amended Complaint does not allege a cause of action or seek any relief against USA Funds. In fact, it shows that USA Funds has no interest in Plaintiff's student loans and cannot grant Plaintiff's requested discharge. Accordingly, the First Amended Complaint fails to state a claim against USA Funds upon which relief can be granted and should be dismissed with prejudice pursuant to Rule 12(b)(6).

## FACTS

Plaintiff allegedly received student loans to pay tuition at the University of Maryland University College, which loans were disbursed between September 7, 1993 and May 12, 1996.  (First Am. Compl. ¶¶ 15-16.)  USA Funds was the guarantor of Plaintiff's student loans.  (*Id.* ¶ 7.)  Plaintiff alleges that, because he had a criminal record and was incarcerated at that time, the school falsely certified that he was eligible to borrow funds under regulations governing the loan program at issue.  (*Id.* ¶¶ 1, 18-19.)  On or about June 18, 2004, Plaintiff consolidated his student loans, which are now held by the United States Department of Education.  (*Id.* ¶ 17.)  Defendant USA Funds was paid through the consolidation.  (*Id.*)  As a result, USA Funds no longer has any interest in Plaintiff's loans.  Nonetheless, Plaintiff joined USA Funds as a Defendant pursuant to Rule 19(a)(2).  (*Id.* ¶ 7.)

On November 20, 2006, Plaintiff allegedly submitted a request for discharge of his student loans pursuant to 20 U.S.C. § 1087(c) to Defendants ACS Education Solutions, LLC ("ACS") and the Department of Education.  (*Id.* ¶ 24.)  Both ACS and the Department of Education denied Plaintiff's request for a discharge.  (*Id.* ¶¶ 25-31.)  Plaintiff did not request a discharge from USA Funds at this time, but the First Amended Complaint alleges that USA Funds was responsible for considering Plaintiff's request and that USA Funds is joined as a Defendant pursuant to Rule 19(a)(2).  (*Id.* ¶ 7.)

Plaintiff seeks a declaratory judgment that the Secretary of the Department of Education "is obligated to discharge the liability on the loans of plaintiff, including reimbursing plaintiff for amounts collected on the loan . . . ."  (*Id.* at 9-10.)

**ARGUMENT**

As set forth below, the Court should dismiss the First Amended Complaint with prejudice as to USA Funds because it fails to state a claim against USA Funds upon which relief can be granted.

A.      **Legal Standard**

On a motion to dismiss for failure to state a claim, the Court need not accept the plaintiff's factual inferences if they are not supported by facts alleged in the complaint, nor must the Court accept the plaintiff's legal conclusions. *Moore v. Motz*, 437 F. Supp. 2d 88, 90 (D.D.C. 2006) (citations omitted).  Although *pro se* complaints are held to a less stringent standard than those drafted by attorneys, even a *pro se* plaintiff's inferences "need not be accepted 'if such inferences are unsupported by the facts set out in the complaint.  Nor must the court accept legal conclusions in the form of factual allegations.'" *Id.* (quoting *Caldwell v. District of Columbia*, 901 F. Supp. 7, 10 (D.D.C. 1995)).  "A pro se complaint, like any other, must state a claim upon which relief can be granted by the court." *Id.*  Dismissal with prejudice is appropriate when the trial court determines that "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Jarrell v. U.S. Postal Service*, 753 F. 2d 1088, 1091 (D.C. Cir. 1985) (citations omitted).

B.      **The First Amended Complaint Fails to State a Claim Against USA Funds**

The First Amended Complaint does not allege a cause of action against USA Funds.  It does not allege that USA Funds breached any legally enforceable obligation to Plaintiff, whether arising out of contract, tort or statute.  Plaintiff merely alleges that he has been injured by the decision of the Secretary of Education to deny his request for a

discharge of his student loans.  Nor does the First Amended Complaint request any relief

against USA Funds.  It merely seeks a declaration that the Secretary must discharge

Plaintiff's student loans pursuant to 20 U.S.C. § 1087(c).  The First Amended Complaint

requests the following relief:

> . . .
> 2.    Enter a declaratory judgment that the Secretary is obligated to discharge the liability on the loans of plaintiff, including reimbursing plaintiff for amounts collected on the loan, and reporting to credit agencies or eligible institutions that plaintiff's loans have been discharged;
> 2. [sic] Direct the Secretary to discharge the liability on the loans of plaintiff, including reimbursing plaintiff for amounts collected on the loan, and rescinding any reports to credit agencies or eligible institutions that plaintiff in [sic] default or are [sic] delinquent on any obligation to repay those student loans;
> 3.    Award plaintiff his costs and reasonable attorneys' fees in this action; and
> 4.    Grant such other and further relief as the Court may deem just and proper.

(First Am. Compl. at 9-10.)  Accordingly, on its face, the First Amended Complaint does

not state a claim upon which relief can be granted against Defendant USA Funds.

Moreover, the facts alleged in the First Amended Complaint show that USA

Funds has no interest in Plaintiff's loans and cannot grant Plaintiff's request for a

discharge.  Plaintiff alleges that USA Funds was the guarantor of his student loans but

that he consolidated his loans in 2004 (*i.e.*, he refinanced his student loans into a new

loan from the Department of Education, the proceeds of which were used to pay off the

balances on his previous student loans).  His loans are now held by the Department of

Education.  USA Funds was paid through the consolidation and has no interest in

Plaintiff's loans.  Also, Plaintiff submitted his request for a discharge to Defendants ACS

and the Department of Education on November 20, 2006.  He did not request a discharge

from USA Funds at that time.  Thus, the facts alleged in the First Amended Complaint

make clear that USA Funds has no interest in Plaintiff's student loans and cannot grant his requested relief, despite Plaintiff's conclusory allegation that USA Funds was responsible for considering his request for a discharge. The Court should disregard Plaintiff's legal conclusion that USA Funds is a necessary party under Rule 19(a), since it is not supported by facts alleged in the Complaint.[1]

Furthermore, no legally cognizable claim exists against USA Funds under 20 U.S.C. § 1087(c). That statute provides, in pertinent part, as follows:

> (c)    Discharge
>
>> (1)    In general
>>
>> If a borrower who received, on or after January 1, 1986, a loan made, insured, or guaranteed under this part and . . . if such student's eligibility to borrow under this part was falsely certified by the eligible institution . . ., then the Secretary shall discharge the borrower's liability on the loan (including interest and collection fees) by repaying the amount owed on the loan . . . .

20 U.S.C. § 1087(c)(1) (2008). Even if the Plaintiff's eligibility to borrow had been falsely certified, that is not an issue that can be the basis for a claim against USA Funds under 20 U.S.C. § 1087(c), because there is an express administrative remedy which must be pursued by a borrower. This remedy is laid out in detail in 34 C.F.R. § 682.402(e) (2007). A borrower must submit to the holder of the loan a written request for discharge and a sworn statement setting forth the grounds for the discharge. 34 C.F.R. § 682.402(e)(3). The request is then forwarded to the guaranty agency, which makes a decision whether the request for discharge is warranted, 34 C.F.R. § 682.402(e)(7), and a

---

[1] Because Plaintiff has not asserted, and cannot assert, a cause of action against USA Funds, it is not a necessary party to this action under Rule 19(a). USA Funds reserves the right to move to drop USA Funds as a Defendant in this case on the ground of misjoinder pursuant to Rule 21.

borrower has a right to appeal that decision to the Secretary. 34 C.F.R. § 402(e)(11). In this case, as alleged in the First Amended Complaint, Plaintiff consolidated his loans in 2004 with the Department of Education, and USA Funds was no longer the guarantor of his loans when he requested a discharge. As a result, Plaintiff did not submit his request for a discharge to USA Funds, but rather, to the Department of Education and Defendant ACS.

In accordance with the foregoing administrative scheme, if Plaintiff had any basis for seeking a discharge under 20 U.S.C. § 1087(c), he had to pursue his administrative remedies, and not file suit against USA Funds in this Court. *See, e.g., Green v. U.S.*, 163 F. Supp. 2d 593 (W.D.N.C. 2000) (court dismissed Plaintiff borrower's claim for a discharge of his Stafford loan, stating: "Claims for relief under [20 U.S.C. § 1087(c)] must be presented through the administrative process and *cannot* be asserted as defensive claims in civil collection litigation. . . ," and noting that "there simply is no private right of action under the HEA."); *accord, U.S. v. Wright*, 87 F. Supp. 2d 464 (D. Md. 2000) (court granted motion for summary judgment in favor of the United States on a FFELP loan and rejected the borrower's contention that the loan was not signed by her, stating: "An individual who believes a loan was fraudulently . . . obtained . . . may seek a discharge from the Secretary of Education but must follow the procedures outlined in the Code of Federal Regulations").

Accordingly, because the Plaintiff has not stated, and cannot state, a cause of action upon which relief can be granted against USA Funds, the Court should dismiss the First Amended Complaint with prejudice pursuant to Rule 12(b)(6).

**CONCLUSION**

For the reasons set forth above, Defendant USA Funds respectfully requests that the Court grant its instant Motion and dismiss this case with prejudice as to USA Funds pursuant to Rule 12(b)(6).

_____/s/_____
Brian F. Kenney (DC Bar # 420539)
Attorneys for USA Funds, Inc.
Miles & Stockbridge P.C.
1751 Pinnacle Drive, Suite 500
McLean, VA 22102
Phone: (703) 610-8664
Fax: (703) 610-8686
bkenney@milesstockbridge.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 21, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Claire M. Whitaker, Esq.
Attorney for U.S. Department of Education
United States Attorney's Office
555 4th Street, NW
Suite E-4204
Washington, DC 20816
Phone: (202) 514-7137
Fax: (202) 514-8780
claire.whitaker@usdoj.gov

Fred Elmore Haynes, Esq.
Attorney for U.S. Department of Education
United States Attorney's Office
555 4th Street, NW
Room E – 4110
Washington, DC 20530
Phone: (202) 514-7201
Fax: (202) 514-8780
fred.haynes@usdoj.gov

William W. Thompson, Jr., Esq.
Attorneys for ACS Education Solutions, LLC
Peckar & Abramson, P.C.
1133 21st Street, NW
Suite 500
Washington, DC 20036
Phone: (202) 293-8815
Fax: (202) 293-7994
wthompson@pecklaw.com

And I hereby certify that I will mail the document by U.S. mail to the following non-filing users:

Joseph Johnson, Jr.
607 Audrey Lane #102
Oxon Hill, MD 20745
Phone: (301) 686-0531

Student Loan Marketing Association
220 Lasley Avenue
Wilkes-Barre, PA 18706


_____/s/_____
Brian F. Kenney (DC Bar # 420539)
Attorneys for USA Funds, Inc.
Miles & Stockbridge P.C.
1751 Pinnacle Drive, Suite 500
McLean, VA 22102
Phone: (703) 610-8664
Fax: (703) 610-8686
bkenney@milesstockbridge.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH JOHNSON, JR.     ) | |
|     ) | |
|     **Plaintiff**    ) | |
|     ) | |
|     **v.**    ) | **Case No. 1:07-cv-02183-JR** |
|     ) | |
| **U.S. DEPARTMENT OF EDUCATION**  ) | |
| *et al.*     ) | |
|     ) | |
|     **Defendants**    ) | |

### [PROPOSED] ORDER

Upon due consideration of Defendant United Student Aid Funds, Inc.'s Motion to Dismiss the First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Memorandum of Points and Authorities in support thereof, and any opposition thereto, it is hereby

ORDERED that the aforesaid Motion be, and hereby is, GRANTED; and it is further

ORDERED that all claims in the First Amended Complaint against Defendant United Student Aid Funds, Inc. shall be, and hereby are, DISMISSED WITH PREJUDICE.

Dated this ____ day of _____, 2008.


                                      _____

The Honorable James Robertson
United States District Judge
United States District Court for the District of Columbia

Pursuant to LCvR 7(k), the Parties to be served are:

Brian F. Kenney
Attorneys for USA Funds, Inc.
Miles & Stockbridge P.C.
1751 Pinnacle Drive, Suite 500
McLean, VA 22102
Phone: (703) 610-8664
Fax: (703) 610-8686
bkenney@milesstockbridge.com

Claire M. Whitaker, Esq.
Attorney for U.S. Department of Education
United States Attorney's Office
555 4th Street, NW
Suite E-4204
Washington, DC 20816
Phone: (202) 514-7137
Fax: (202) 514-8780
claire.whitaker@usdoj.gov

Fred Elmore Haynes, Esq.
Attorney for U.S. Department of Education
United States Attorney's Office
555 4th Street, NW
Room E – 4110
Washington, DC 20530
Phone: (202) 514-7201
Fax: (202) 514-8780
fred.haynes@usdoj.gov

William W. Thompson, Jr., Esq.
Attorneys for ACS Education Solutions, LLC
Peckar & Abramson, P.C.
1133 21st Street, NW
Suite 500
Washington, DC 20036
Phone: (202) 293-8815
Fax: (202) 293-7994
wthompson@pecklaw.com

Joseph Johnson, Jr.
607 Audrey Lane #102
Oxon Hill, MD 20745
Phone: (301) 686-0531

Student Loan Marketing Association
220 Lasley Avenue
Wilkes-Barre, PA 18706