UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH JOHNSON, JR.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 07-2183 (JR) |
| ) | |
| **U.S. DEPARTMENT OF EDUCATION, et al.** ) | |
| ) | |
| **Defendants.** ) | |

## ANSWER OF DEFENDANT U.S. DEPARTMENT OF EDUCATION[1]

Defendant U.S. Department of Education ("the Department"), by undersigned counsel, states as follows in answer to the Complaint in this action:

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by the statue of limitations and the doctrine of laches.

### THIRD DEFENSE

Answering the numbered and unnumbered paragraphs of the complaint, the Department states as follows:

---

[1] Although Plaintiff has filed an amended complaint in this case, leave has not been granted for such filing and, therefore, the Defendant answers the original complaint filed with the Court. Should the Court grant Plaintiff leave to file an amended complaint, the Defendant will respond within the ten-day period provided by the Federal Rules of Civil Procedure.

## JURISDICTION

1. Paragraph 1 is Plaintiff's statement of jurisdiction to which no response is necessary.

.

## PARTIES

2. The Department is without sufficient knowledge to admit or deny the allegations of Paragraph 2.

3. The Department admits the allegations of Paragraph 3 of the Complaint.

4. The Department admits that Defendant ACS contracts with the Department and engages in the business of collecting federal student loan debts on behalf of the Department. The Department is without sufficient knowledge to admit or deny the remaining allegations of paragraph 4 of the Complaint.

## CONTROVERSY AND FACTUAL ALLEGATIONS

5. The Department is without sufficient knowledge to admit or deny the allegations of Paragraph 5 of the Complaint.

6. The Department denies that Plaintiff was continuously incarcerated during the period described, and, is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 6 of the Complaint.

7. The Department admits:  that Plaintiff was enrolled as a student at the University of Maryland during the Fall and Spring semesters in the time period described, but excluding the Fall 1995 semester; that during his periods of enrollment Plaintiff received various subsidized and unsubsidized loans under the Federal Direct Loan Program, the Federal Family Education Loan Program, and the Federal Perkins Loan Program; and that his parent received a loan under

Federal Family Education Loan Program for this enrollment at the University of Maryland. Defendant is without sufficient knowledge to admit or deny the remaining allegations of paragraph 7 of the Complaint.

8. On information and belief, the Department admits the allegations of Paragraph 8 of the Complaint for programs offered on or around September 9, 2007. Defendant is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 8 of the Complaint.    9. On information and belief, the Department admits that at the time the Plaintiff attended the University of Maryland, courses in paralegal studies were designated PLGL on student transcripts. The Department is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 9 of the Complaint.

10. The Department admits that Plaintiff's transcript of attempted courses at the University of Maryland demonstrate that Plaintiff registered in the courses listed in the second sentence of Paragraph 10 of the Complaint, among others. The Department is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 10 of the Complaint and therefore denies the same.

11. The Department is without sufficient knowledge to admit or deny the allegations of Paragraph 11 of the Complaint.

12. The Department admits that on June 2004, Plaintiff consolidated outstanding subsidized, unsubsidized and Perkins loans taken out to finance his enrollment at the University of Maryland; and that the amount consolidated, after a refund of $65.37, was $30,327.26; and that Plaintiff took paralegal courses during his University of Maryland enrollment. The Department is without sufficient knowledge to admit or deny whether Plaintiff was enrolled in

the school's Paralegal training program. The Department denies the remaining allegations in paragraph 12 of the Complaint.

13. The Department admits the allegations of Paragraph 13 of the Complaint.

14-18. Paragraphs 14-18 of the Complaint state legal conclusions to which no response is required.

19. The Department denies the allegations of Paragraph 19 of the Complaint.

20. The Department admits that the Plaintiff, on November 20, 2006, submitted a loan discharge application on the basis of false certification (disqualifying status) but is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 20 of the Complaint and therefore denies the same.

21. The Department admits the allegations of Paragraph 21 of the Complaint.

22. The Department admits the allegations of Paragraphs 22 of the Complaint, but states that ACS acted as the Department's agent in issuing the denial.

23-24. The Department denies the allegations of Paragraphs 23 and 24 of the Complaint, but admits that the Plaintiff submitted a false certification discharge application on May 15, 2007, which was denied on June 14, 2007 on the basis stated in Paragraph 24 by ACS, acting as the Department's agent.

25. The Department denies the allegations in Paragraph 25 of the Complaint, but admits that Plaintiff submitted false certification discharge applications on May 15, 2007 and June 26, 2007.

26. The Department denies that an appeal mechanism exists, but admits that the Department on September 6, 2007, reaffirmed its decision to deny Plaintiff's application for a false certification discharge, on the rationale set forth in Paragraph 26 of the Complaint.

27. The Department admits that Plaintiff, on September 10, 2007, sent the Department the documents attached as Exhibit D to the Complaint, but denies the remaining allegations of Paragraph 27 of the Complaint.

28. The Department admits that the Department, on September 25, 2007, responded to Plaintiff's September 10, 2007, correspondence by reaffirming its decision to deny Plaintiff's application for a false certification discharge, but denies the remaining allegations of Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint states legal conclusions to which no response is required.

## PRAYER FOR RELIEF

The remainder of Plaintiff's complaint represents Plaintiff's Prayer for Relief, to which no response is deemed necessary. To the extent that an answer is required, deny.

Except to the extent expressly admitted or qualified above, defendant denies each and every allegation in the complaint.

WHEREFORE, Defendant prays for an order: (1) entering judgment in the Department's favor, (2) dismissing the complaint with prejudice; and (3) for such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        /s/
JEFFREY A. TAYLOR , D.C. Bar # 498610
United States Attorney

        /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

        /s/
CLAIRE WHITAKER, D.C. Bar # 354530
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served by First-Class mail, postage prepaid to:

JOSEPH JOHNSON, JR.
607 Audrey Lane #102
Oxon Hill, MD 20745

on this 22nd day of February, 2008.

_____/s/_____
CLAIRE WHITAKER
Assistant United States Attorney
United States Attorneys Office
Civil Division
555 4th Street, N.W., Room E-4204
Washington, D.C. 20530
(202) 514-7137