UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH JOHNSON, JR. | ) |
| Plaintiff, | ) |
| Vs. | ) Civil No. <u>7-2183(JR)</u> |
| U.S. DEPARTMENT OF EDUCATION, et al., | ) |
| Defendants. | ) |

### PLAINTIFF'S OPPOSITION TO DEFENDANT UNITED STUDENT AID FUNDS, INC'S MOTION TO DISMISS

COMES NOW, the Plaintiff, Joseph Johnson, Jr., and hereby files this Opposition to Defendant United Student Aid Funds, Inc.'s, Motion to Dismiss the First Amended Complaint filed herein, and states as follows:

1. On January 7, 2008, Plaintiff filed a First Amended Complaint in the above captioned matter naming Defendant United Student Aid Funds, Inc. as a Defendant pursuant to Rule 19 of the Federal Rules of Civil Procedure.

2. On February 21, 2008, the Defendant filed a motion seek to be dismissed as a Defendant in the Plaintiff's First Amended Complaint on the basis that the complaint fails to state a claim upon which relief may be granted against USA Funds.

3. As will be discussed more fully below, Defendant United Student Aid Funds, Inc. is properly joined as a Defendant pursuant to Rule 19 of the Federal Rules of Civil Procedure their motion to be dismissed as a Defendant should be denied.

### BACKGROUND

Plaintiff received student loans to pay tuition at the University of Maryland University College, which loans were disbursed between September 7, 1993

RECEIVED

MAR 3 - 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

and May 12, 1996. (First Am. Compl. ¶¶15-16). Defendant USA Funds was one of the guarantors of Plaintiff's student loans. Id. ¶7. Because the Plaintiff had a criminal record and was incarcerated at that time, the school falsely certified that Plaintiff was eligible to borrow funds under regulations governing the loan program. ¶1, ¶¶18-19.

On or about June 18, 2004, Plaintiff consolidated the student loans, which are now held by the United States Department of Education 17. Defendant USA Funds was paid through the consolidation and through the consolidation, Defendant USA Funds entered into a contract with the parties owed the debt, under the terms of which contract the Defendant was to attempt to collect the debts in return for compensation. Defendant USA Funds was paid through the consolidation. Id.

On November 20, 2006, Plaintiff submitted a request for discharge of the student loans pursuant to the provisions of 20 U.S.C. §1087(c) to Defendants ACS Education Solutions, LLC ("ACS") and the Department of Education. Id. ¶24 . Both ACS and the Department of Education denied Plaintiff's request for a discharge. ¶25-31.

Plaintiff seeks a declaratory judgment against the Defendants that the Defendants are obligated to discharge the liability on the loans of plaintiff, including reimbursing Plaintiff for amounts collected on the loan. Id. at ¶9-10.

## ARGUMENT

Defendant USA Funds was properly joined as a Defendant pursuant to Rule 19 of the Federal Rules of Civil Procedure. Defendant USA Funds entered into a contract with the parties owed the student loans, under the terms of which contract the Defendant was to attempt to collect the student loans in return for compensation. Defendant USA Funds received the benefit of the funds to which it was never entitled through consolidation.

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. Cloverleaf Standardbred Owners Ass'n, Inc. v. National Bank of Washington, 699 F.2d 1274, 1278-1279 (C.A.D.C., 1983), interpreting Fed. R. Civ. P. 19(a). These criteria exist here.

Defendant USA Funds contracted with the parties owed the student loans, under the terms of which contract the Defendant was to attempt to collect the student loans in return for compensation. Defendant USA Funds received the benefit of funds through consolidation to which it was otherwise not entitled. Thus, under Rule 19 of the Federal Rules of Civil Procedure, Defendant USA Funds was properly joined as a Defendant.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court will deny Defendant USA Funds' motion.

Respectfully submitted,

February 28, 2008

Joseph Johnson, Jr.
607 Audrey Lane #102
Oxon Hill, MD  20745

## **CERTIFICATE OF SERVICE**

On February 28, 2008, a copy of the foregoing Plaintiff's Opposition to Defendant USA Funds' Motion to Dismiss, was mailed to all parties and counsel of record, by regular, first-class mail, postage prepaid.

*/s/ Joseph Johnson, Jr.*
Joseph Johnson, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH JOHNSON, JR. | ) |
| Plaintiff, | ) |
| Vs. | ) Civil No. <u>7-2183(JR)</u> |
| U.S. DEPARTMENT OF EDUCATION, et al., | ) |
| Defendants. | ) |

### O R D E R

Upon consideration of Defendant United Student Aid Funds, Inc.'s Motion to Dismiss it as a Defendant in the First Amended Complaint and, Plaintiff's Opposition thereto, it is hereby

ORDERED that the Defendant's Motion be, and hereby is, DENIED.

Dated this ____ day of _____, 2008.

_____
United States District Judge