IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH JOHNSON, JR. ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | Case No. 1:07-cv-02183-JR |
| ) | |
| U.S. DEPARTMENT OF EDUCATION ) | |
| *et al.* ) | |
| ) | |
|     Defendants ) | |

**REPLY MEMORANDUM IN SUPPORT OF
UNITED STUDENT AID FUNDS, INC.'S MOTION TO DISMISS**

Defendant United Student Aid Funds, Inc. ("USA Funds"), by counsel, submits this Reply Memorandum in support of its Motion to Dismiss the First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

Plaintiff's Opposition underscores the fact that USA Funds has no interest in his student loans. Plaintiff reiterates that he consolidated his student loans in 2004 (*i.e.*, he obtained a new consolidation loan from the United States Department of Education, the proceeds of which were used to pay his underlying debt to USA Funds). As a result, USA Funds simply has no interest in Plaintiff's consolidation loan and cannot grant his discharge request. In apparent recognition of this reality, Plaintiff alleges new facts against USA Funds in the Opposition. But because they are not alleged in the First Amended Complaint, these facts may not be relied upon in opposition to the Motion to Dismiss. USA Funds is not a necessary party to this action under Rule 19, and the First Amended Complaint fails to state a claim upon which relief may be granted against USA Funds.

## ARGUMENT

**A.  USA Funds Has no Interest in Plaintiff's Consolidation Loan and Cannot Grant Plaintiff's Discharge Request**

Under the Higher Education Act (20 U.S.C. § 1070 *et seq*.) (the "HEA"), federal consolidation loans are new agreements which discharge the liabilities of the old loans and create their own obligations. *In re Clarke*, 266 B.R. 301, 307 (Bankr. E.D. Pa. 2001). The HEA states in relevant part: "Loans made under this section which are insured by the Secretary shall be considered to be *new* loans made to students for the purpose of section 1074(a) of this title." *Id.* (citing 20 U.S.C. § 1078-3(e)) (emphasis added). Lenders under the Act are required to enter into agreements with the Secretary of Education or a guarantee agency providing, among other things, "that the proceeds of each consolidation loan will be paid by the lender to the holder or holders of the loans so selected *to discharge the liability on such loans*." *Id.* (citing 20 U.S.C. § 1078-3(b)(1)(D)) (emphasis added). *See also Hiatt v. Indiana State Student Assistance Comm'n*, 36 F.3d 21, 24 (7th Cir.1994), *cert. denied*, 513 U.S. 1154 (1995) ("[W]hen a borrower undertakes a consolidation loan, the original loan is repaid in full and the debt is discharged"); *Martin v. Great Lakes Higher Educ. Corp. (In re Martin)*, 137 B.R. 770, 772 (Bankr. W.D. Mo. 1992) ("The statutory language is clear that a consolidated loan is considered a new loan for educational purposes under the federally insured student loan program. . . . and, as expressly provided by 20 U.S.C. § 1078-3(b)(1)(D), the old notes were discharged").

In this case, on or about June 18, 2004, Plaintiff consolidated his student loans, which are now held by the Department of Education.[1]  (Pl.'s Opp'n at 2.)  USA Funds,

---

[1] Plaintiff presumably obtained a direct consolidation loan from the Department of Education.

the guarantor of Plaintiff's original student loans, was paid through the consolidation. (*Id.*) Thus, Plaintiff's consolidation loan is a new loan from the Department of Education, the proceeds of which were used to repay in full his original student loans. The notes on his original loans were cancelled and the debt discharged. The only outstanding debt that Plaintiff currently owes is to the Department of Education on his new consolidation loan. USA Funds has no further interest in, or obligation with respect to collection of, Plaintiff's new consolidation loan or the underlying loans that were consolidated.

Rule 19 provides that a person must be joined as a party to an action if "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action . . . ." Fed. R. Civ. P. 19(a)(1). Because USA Funds has no interest in Plaintiff's consolidation loan and cannot grant his requested relief for a discharge, it is not a necessary party to this action. Accordingly, the First Amended Complaint fails to state a claim upon which relief may be granted against USA Funds.

    **B.**    **The New Facts Alleged in Plaintiff's Opposition Cannot Defeat the Motion to Dismiss**

Plaintiff's Opposition alleges new facts that are not contained in the First Amended Complaint. In his Opposition, Plaintiff alleges that (1) through the consolidation, USA Funds entered into a contract with the parties owed the debt, under which USA Funds was to attempt to collect the debt in return for compensation, and (2) USA Funds received the benefit of the funds to which it was never entitled through consolidation. (Pl.'s Opp'n at 2.) Factual allegations in a brief are not to be considered on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6). *Nevius v.*

3

*Africa Inland Mission Int'l*, 511 F. Supp. 2d 114, 119 (D.D.C. 2007) (citing *Shapiro, Lifschitz, & Schram, P.C. v. Hazard*, 24 F. Supp. 2d 66 (D.D.C. 1998)).  Because these allegations—which USA Funds denies—were made only in Plaintiff's Opposition and not in the First Amended Complaint, they may not be relied upon in opposition to USA Funds' Motion to Dismiss.

## CONCLUSION

For the reasons set forth above, USA Funds is not a necessary party to this case, and the First Amended Complaint fails to state a claim against USA Funds.  Accordingly, USA Funds respectfully requests that the Court grant its instant Motion and dismiss this case with prejudice as to USA Funds pursuant to Rule 12(b)(6).

                  /s/
Brian F. Kenney (DC Bar # 420539)
J. Douglas Cuthbertson (*pro hac vice*)
Attorneys for USA Funds, Inc.
Miles & Stockbridge P.C.
1751 Pinnacle Drive, Suite 500
McLean, VA 22102
Phone: (703) 610-8640
Fax: (703) 610-8686
bkenney@milesstockbridge.com
jcuthbertson@milesstockbridge.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Claire M. Whitaker, Esq.
Attorney for U.S. Department of Education
United States Attorney's Office
555 4th Street, NW
Suite E-4204
Washington, DC 20816
Phone: (202) 514-7137
Fax: (202) 514-8780
claire.whitaker@usdoj.gov

Fred Elmore Haynes, Esq.
Attorney for U.S. Department of Education
United States Attorney's Office
555 4th Street, NW
Room E – 4110
Washington, DC 20530
Phone: (202) 514-7201
Fax: (202) 514-8780
fred.haynes@usdoj.gov

William W. Thompson, Jr., Esq.
Attorneys for ACS Education Solutions, LLC
Peckar & Abramson, P.C.
1133 21st Street, NW
Suite 500
Washington, DC 20036
Phone: (202) 293-8815
Fax: (202) 293-7994
wthompson@pecklaw.com

And I hereby certify that I will mail the document by U.S. mail to the following non-filing users:

Joseph Johnson, Jr.
2600 Brinkley Road, # 1005
Fort Washington, MD 20744
Phone: (301) 686-0531

Student Loan Marketing Association
220 Lasley Avenue
Wilkes-Barre, PA 18706

                                                /s/
Brian F. Kenney (DC Bar # 420539)
J. Douglas Cuthbertson (*pro hac vice*)
Attorneys for USA Funds, Inc.
Miles & Stockbridge P.C.
1751 Pinnacle Drive, Suite 500
McLean, VA 22102
Phone: (703) 610-8640
Fax: (703) 610-8686
bkenney@milesstockbridge.com
jcuthbertson@milesstockbridge.com