IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JOSEPH JOHNSON, JR.** | ) | |
| | ) | |
|    **Plaintiff** | ) | |
| | ) | |
| v. | ) | Case No. 1:07-cv-02183-JR |
| | ) | |
| **U.S. DEPARTMENT OF EDUCATION** | ) | |
| *et al.* | ) | |
| | ) | |
|    **Defendants** | ) | |

### PARTIES' MEET AND CONFER REPORT PURSUANT TO LOCAL RULE LCvR 16.3

Plaintiff Joseph Johnson, Jr. and Defendants U.S. Department of Education (the "Department of Education"), ACS Education Solutions, LLC ("ACS") and United Student Aid Funds, Inc. ("USA Funds"), pursuant Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule LCvR 16.3, have conferred and hereby submit this report that indicates the parties' views and proposals, as follows:

    1.    Defendants believe that the case is likely to be disposed of by dispositive motion; Plaintiff believes that the case is not likely to be disposed of by dispositive motion. Dispositive motions have already been filed, and the parties request that the Court stay discovery and other matters pending a decision on the motions to dismiss. The parties do not need discovery with respect to the dispositive motions. In connection with the claim against the Federal Defendant, Department of Education, this is a record review case under the Administrative Procedure Act, 5 U.S.C. Sec. 701 et seq. The Federal Defendant will file its dispositive motion within 30 days after the Court issues its Scheduling Order. Plaintiff states that this is an action to enforce entitlement to loan discharge under 20 U.S.C. Sec. 1087 and review of regulations under the Administrative

Procedure Act, 5 U.S.C. Sec. 706. Plaintiff will file a dispositive motion within 30 days after the Court issues its Scheduling Order and will file a response to any dispositive motion filed by any Defendant within the time required under the Rules.

2. There are no additional parties to be joined, and the pleadings do not need to be amended. The parties do not believe that the factual and legal issues can be narrowed.

3. The parties do not wish to proceed before a United States Magistrate Judge for all purposes, including trial.

4. The parties will wait for the Court's decision on the pending dispositive motions to discuss settlement.

5. The case will not benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR) at this time.

6. The Defendants believe that the case can be resolved by summary judgment or motion to dismiss. Defendants ACS and USA Funds have filed motions to dismiss. If the Court denies these motions, ACS and USA Funds will file motions for summary judgment at the end of discovery. If the Court allows the filing of the First Amended Complaint, the Department of Education will file its Answer within 10 days. The Department of Education will file its dispositive motion within 30 days after the Court issues its Scheduling Order.

7. The parties stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P.

8. The Department of Education does not believe that discovery is appropriate in this case. Defendants ACS and USA Funds believe that discovery could

be completed 90 days from the date after the Court's decisions on the pending motions to dismiss. The parties will confer on the terms of an appropriate protective order that may be deemed necessary to protect any confidential or proprietary information that may be exchanged during the course of discovery. The parties will file an appropriate motion with the Court for approval if necessary.

9. The parties do not believe that the case will involve expert witnesses. If experts are needed, the requirement for exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P. will not need to be modified, and depositions of experts should occur within the discovery period.

10. The Department of Education believes that this matter should be limited to review on an administrative record and that trial is inappropriate. The parties do not believe that either trial or discovery should be bifurcated or managed in phases.

11. The Department of Education believes that this matter should be limited to review on an administrative record and that trial is inappropriate. Therefore, the parties did not discuss the date for the pretrial conference.

12. The Department of Education believes that this matter should be limited to review on an administrative record and that trial is inappropriate. The parties do not believe the Court should set a firm trial date at the first scheduling conference, but should provide that a trial date will be set at the pretrial conference.

13. The parties discussed discovery of electronically stored information and have confirmed that they are taking all reasonable steps necessary to preserve all discoverable material. The parties agreed that discovery of electronically stored information will not be sought in this action, except for email communications (which

may be produced as static images (paper or .pdf), with attachments), documents and files, on the parties' current computer systems; and to the extent any party maintains its files in electronic format rather than on paper, those files may be produced electronically. No party shall be required to search or produce system backup media, metadata, or files deleted in the ordinary course prior to commencement of this litigation. Notwithstanding any agreement to limit electronic discovery, the parties agree that no party may rely in this action on any electronic document or information not produced in discovery.

SEEN AND AGREED:


_____/s/_____
Brian F. Kenney (DC Bar # 420539)
J. Douglas Cuthbertson (*pro hac vice*)
Attorneys for USA Funds, Inc.
Miles & Stockbridge P.C.
1751 Pinnacle Drive, Suite 500
McLean, VA 22102
Phone: (703) 610-8640
Fax: (703) 610-8686
bkenney@milesstockbridge.com
jcuthbertson@milesstockbridge.com


SEEN AND AGREED:


_____/s/_____
Claire M. Whitaker, Esq.
Attorney for U.S. Department of Education
United States Attorney's Office
555 4th Street, NW
Suite E-4204
Washington, DC 20816
Phone: (202) 514-7137
Fax: (202) 514-8780
claire.whitaker@usdoj.gov

SEEN AND AGREED:


_____/s/_____
Joseph Johnson, Jr.
Plaintiff
2600 Brinkley Road, # 1005
Fort Washington, MD 20744
Phone: (301) 686-0531


SEEN AND AGREED:


_____/s/_____
William W. Thompson, Jr., Esq.
Mark Berry, Esq.
Attorneys for ACS Education Solutions, LLC
Peckar & Abramson, P.C.
1133 21st Street, NW
Suite 500
Washington, DC 20036
Phone: (202) 293-8815
Fax: (202) 293-7994
wthompson@pecklaw.com