UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH JOHNSON, JR. | ) |
| Plaintiff, | ) |
| Vs. | ) Civil No. **07-02183 (JR)** |
| U.S. DEPARTMENT OF EDUCATION, et al., | ) |
| Defendants. | ) |

**AFFIDAVIT OF PLAINTIFF IN SUPPORT OF
<u>MOTION FOR SUMMARY JUDGMENT</u>**

I, <u>Joseph Johnson, Jr.</u>, do hereby state that:

1. I am the Plaintiff in the above captioned matter and am competent and will testify to the matters stated herein.

2. On February 16, 1993, I was indicted and convicted in the Arlington County Circuit Court for burglary and grand larceny. On August 21, 1995, I was indicted in the Arlington County Circuit Court for forgery and uttering a Circuit Court order. On April 29, 1996, I was convicted of the latter two felonies and began serving a five year prison term.

2. Following my convictions, and during the Fall of 1993, I enrolled in the University of Maryland University College ("UMUC") Paralegal certification training program. This training program specifically intended to prepare me for employment as a Paralegal.

3. Based upon information and belief, the United States Department of Labor has stated that "among the other occupations that call for a specialized understanding of law but do not require the extensive training of a lawyer, are law clerks; title examiners,

abstractors, and searchers; claims adjusters, appraisers, examiners, and investigators; and occupational health and safety specialists and technicians."

4. UMUC arranged for me to sign loan documents for Guaranteed Student Loans ("GSL") to pay tuition and fees for the UMUC Paralegal certification training program. The loan forms were provided by the Higher Education Assistance Foundation and the loans were disbursed between September 7, 1993 and May 12, 19996.

5. My parent also received a loan under the Federal Family Education Loan Program for my enrollment at the University of Maryland.

6. UMUC did not determine that I had the "ability to benefit" from the Paralegal certification training program in which I enrolled. The school does not ask information pertaining to a student's criminal record.

7. I did not have the "ability to benefit" from the school's Paralegal certification training program because at the time I enrolled in the school I had a criminal record and because Maryland recognizes the negligent hiring doctrine, employers seeking to employ a Paralegal would require an individual to forego a criminal background check to protect the confidence and valuable assets of the public and my criminal record would be used as a basis for denying me employment as a Paralegal. At the time I enrolled in the UMUC, I was unaware that my criminal record would hinder me from employment in the Paralegal occupation.

8. On or about June 18, 2004, the GSL signed by me were consolidated and are held by the Department of Education.

9. On November 20, 2006, I submitted a request for discharge of my student loans under the false certification provisions of 20 U.S.C. §1087(c), including a sworn

statement showing that I met the statutory requirements for discharge. The U.S. Department of Education, through its officials holding delegated authority, denied my request on May 7, 2007 on the basis that I did not inform the school of my status prior to enrollment.

10. I sought reconsideration of that determination on May 15, 2007, and essentially argued that 20 U.S.C. §1087(c) did not require the borrower to inform the school of his status prior to enrollment and that the school did not inquire of my status prior to enrollment.

11. In a generic latter dated June 14, 2007, the U.S. Department of Education, through its officials holding delegated authority, denied my request for reconsideration and stated that I did not provide any documentation proving that I was denied for a license due to a criminal record.

12. I sought review of both of these decisions by the U.S. Department of Education and, by decision dated September 6, 2007, the U.S. Department of Education expressly acknowledged that "[t]he Higher Education Act of 1965, as amended (HEA), establishes discharge requirements under the circumstances I described in my loan discharge application" but denied my request for discharge on the sole basis that there were "no records that indicated that I was enrolled in a training program that specifically and exclusively prepared me for employment in law enforcement or as a Paralegal, and because I was not enrolled in law school".

13. On September 10, 2007, I provided specific documentation to the U.S. Department of Education that indicated that I was enrolled in the UMUC Paralegal

certification training program that intended to prepare me for employment as a professional Paralegal.

14. On September 25, 2007, the U.S. Department of Education affirmed its decision of September 6, 2007.

15. I have paid over $2,977.32 on my student loan that has not been reimbursed through discharge.

16. The current balance on the consolidated loan is $32,143.60.

17. All of the documentation and exhibits attached are true and accurate copies of documents which were provided to the U.S. Department of Education at the time of the loan discharge application and appeals taken from the denials.

I HEREBY state under penalty of perjury pursuant to 28 U.S.C. §1746, that the foregoing are true and correct to the best of my knowledge, information and belief.

April 25, 2008

Joseph Johnson, Jr.

APPENDIX

APPENDIX

SUBSECTION A – SYNOPSIS OF FEDERAL HOUSING BENEFITS STATUTES

**1. 42 U.S.C. § 13661: Screening of Applicants for Federally Assisted Housing**

This statute provides for the screening of applicants before housing benefits are conferred. Its sub-sections render anyone ineligible for federal public housing assistance (either housing in a publicly-owned unit or a Section 8 voucher) who has previously been evicted for drug-related criminal activity,[1] anyone who the local housing authority deems a "drug user" or an "alcohol abuser,"[2] and anyone who engaged "drug-related or violent criminal activity", or whose criminal activity (in the eyes of the local authority) threatens the peaceful enjoyment of other residents.[3]

The federal statutes indicate that this ineligibility need not always be permanent. With respect to ineligibility for drug-related criminal activity, the offender's ineligibility lasts for three years from the date of their conviction.[4] The second sub-section, which provides for ineligibility of illegal drug users and alcohol abusers, provides the applicant an opportunity to demonstrate rehabilitation.[5] The public housing agency may consider whether the individual has successfully completed a rehabilitation program,[6] whether the individual has been successfully rehabilitated on his own,[7] or whether the individual is currently participating in a rehabilitation program.[8] The final sub-section, which renders

---

[1] 42 U.S.C. § 13661(a) (2000).
[2] § 13661(b).
[3] § 13661(c).
[4] § 13661(a).
[5] § 13661(b)(2).
[6] § 13661(b)(2)(A).
[7] § 13661(b)(2)(B).
[8] § 13661(b)(2)(C).

applicants ineligible if their drug-related crime, violent criminal activity, or other criminal activity threatens the peaceful enjoyment of the neighbors, provides that the ineligibility attaches only if the particular criminal activity took place recently, before a "reasonable" amount of time had passed.[9]

### 2. 42 U.S.C. § 13662: Termination of Tenancy and Assistance for Illegal Drug Users and Alcohol Abusers in Federally Assisted Housing

This statute similarly renders certain people ineligible for housing benefits. However, this statute addresses the termination of existing assistance, as opposed to the screening process for those applying for such assistance. The first sub-section provides that "a public housing agency or an owner of federally assisted housing" has the authority "to terminate the tenancy or assistance for any household with a member" who is illegally using a controlled substance or whose alcohol abuse "interfere[s] with the health, safety, or right to peaceful enjoyment" of the other residents.[10] Both the determination as to whether a particular resident is illegally using a controlled substance or abusing alcohol in a way that interferes with the other residents and the decision to evict the household are left to the local authority (in the case of publicly-owned projects) or to the private landlords (in the case of a government voucher). In reaching this determination, the public housing agency or owner may consider whether the household member has been rehabilitated[11] or is in the process of being rehabilitated.[12]

---

[9] § 13661(c)(2).
[10] 42 U.S.C. § 13662(a) (2000).
[11] 42 U.S.C. § 13661(b)(2)(A)-(B) (2000).
[12] § 13661(b)(2)(C).

### 3. 42 U.S.C. § 13663: Ineligibility of Dangerous Sex Offenders for Admission to Public Housing

The third statute deals with those determined to be "dangerous sex offenders." Any household that includes an individual who is subject to a lifetime registration requirement under a state sex offender registration program shall be prohibited from receiving federally-assisted housing.[13] Accordingly, this prohibition is mandatory and leaves the owner of such housing with no discretion.[14]

### 4. 42 U.S.C. § 1437f(d)(1)(B)(iii): Criminal Activity as Cause for Termination of Low-Income Housing Assistance

This statute deals solely with ineligibility for continued assistance in the form of government vouchers. Specifically, the statute provides that when a tenant has entered into a residential lease with assistance from a Section 8 voucher, "any criminal activity that threatens the health, safety, or right to peaceful enjoyment" of the neighbors, or "any drug-related criminal activity on or near such premises...shall be cause for termination of tenancy."[15]

---

[13] 42 U.S.C. § 13663(a) (2000).
[14] *Id.* There are also sub-sections to this statute that set forth the means for public housing agencies and owners to obtain this information, *see* § 13663(b)(1)-(2), (c), and a sub-section that gives the individual an opportunity to dispute the adverse action. § 13663(d).
[15] 42 U.S.C.A. § 1437f(d)(1)(B)(iii) (West Supp. 2007).

APPENDIX

## SUBSECTION B – EMPLOYMENT AND LICENSING

### PART I

1. **MD. CODE REGS. 10.07.14.02(B)(10): Assisted Living Program**
"Assisted living program" means a residential or facility-based program that provides housing and supportive services, supervision, personalized assistance, health-related services, or a combination of these services to meet the needs of residents who are unable to perform, or who need assistance in performing, the activities of daily living or instrumental activities of daily living, in a way that promotes optimum dignity and independence for the residents.

(a) "Assisted living program" does not include:
   (i) A nursing home, as defined under Health-General Article, § 19-301, Annotated Code of Maryland;
   (ii) A State facility, as defined under Health-General Article, § 10-101, Annotated Code of Maryland;
   (iii) A program licensed or approved by the Department under Health-General Article, Title 7 or Title 10, Annotated Code of Maryland;
   (iv) A general hospice care program licensed by the Department under Health-General Article, Title 19, Annotated Code of Maryland;
   (v) Services provided by family members;
   (vi) Services provided by a licensed residential service agency or licensed home health agency in an individual's own home;
   (vii) Emergency, transitional, and permanent housing arrangements for the homeless, where no assistance with activities of daily living is provided; or
   (viii) Emergency, transitional, and permanent housing arrangements for the victims of domestic violence.

2. **MD. CODE REGS. 12.10.01.17(A): Disqualifying Criminal Convictions for Uniformed Correctional Officers**
A. An applicant for appointment as a uniformed correctional officer shall be disqualified if the applicant has:
   (1) A felony conviction for:
      (a) Aggravated assault,
      (b) Murder or manslaughter,
      (c) Robbery,
      (d) Arson,
      (e) Kidnapping,
      (f) A handgun or weapon-related violation,
      (g) A first, second, or third degree sexual offense, or
      (h) Two or more felonies not arising from the same incident;
   (2) A conviction for an offense that resulted in incarceration when less than 10 years have elapsed since the applicant was released from incarceration or terminated from parole or probation, whichever last occurred;

>   (3) A misdemeanor conviction that resulted in incarceration when less than 5 years have elapsed since the applicant was released from incarceration or terminated from parole or probation, whichever has last occurred; or
>   (4) Three or more misdemeanor convictions, except convictions for minor traffic violations, arising out of separate occurrences if at least one misdemeanor was for an offense involving violence or moral turpitude and a term of imprisonment was served for any one offense.

B. This regulation does not require a correctional unit to employ a correctional officer with a criminal record or prevent the unit from setting higher criminal history standards than specified in this regulation.

C. The Commission may reject the appointment of an individual with a criminal record not covered by this regulation.

3.  **MD. CODE ANN., FAM. LAW § 5-561. Mandatory Criminal History Records Checks**

(a) Criminal History Records Check. -- Notwithstanding any provision of law to the contrary, an employee and employer in a facility identified in subsection (b) of this section and persons identified in subsection (c) of this section shall apply for a national and State criminal history records check at any designated law enforcement office in this State.

(b) Facilities required to obtain a criminal history records check. -- The following facilities shall require employees and employers to obtain a criminal history records check under this Part VI of this subtitle:

>   (1) a child care center required to be licensed under Part VII of this subtitle;
>   (2) a family day care home required to be registered under Part V of this subtitle;
>   (3) a child care home required to be licensed under this subtitle or under Article 83C of the Code;
>   (4) a child care institution required to be licensed under this subtitle or under Article 83C of the Code;
>   (5) a juvenile detention, correction, or treatment facility provided for in Article 83C of the Code;
>   (6) a public school as defined in Title 1 of the Education Article;
>   (7) a private or nonpublic school required to report annually to the State Board of Education under Title 2 of the Education Article;
>   (8) a foster care family home or group facility as defined under this subtitle;
>   (9) a recreation center or recreation program operated by State or local government primarily serving minors; or
>   (10) a day or residential camp, as defined in Title 10, Subtitle 16 of the Code of Maryland Regulations, primarily serving minors.

4.     MD. CODE ANN., HEALTH-GEN. § 19-1901(b): **Adult Care Programs**
Adult dependent care program. – "Adult dependent care program" means:
   (1) An adult day care facility regulated under Title 14, Subtitle 2 of this article;
   (2) An assisted living program facility regulated under Subtitle 18 of this title;
   (3) A group home regulated under Title 10, Subtitle 5 or Title 7, Subtitle 6 of this article;
   (4) A home health agency regulated under Subtitle 4 of this title;
   (5) A congregate housing services program regulated under Article 70B of the Code;
   (6) A residential service agency as defined under § 19-4A-01 of this title;
   (7) An alternative living unit as defined under § 7-101 of this article;
   (8) A hospice facility regulated under Subtitle 9 of this title; or
   (9) A related institution regulated under Subtitle 3 of this title.

APPENDIX

## PART II

EMPLOYMENT AND LICENSING EMPLOYMENT CHART

Examples of Absolute Prohibitions

| Statute/Regulation | Prohibitions/Explanation |
|---|---|
| MD. CODE ANN., EDUC. § 6-113. | **Education:** The State Board shall adopt regulations that prohibit a county board from knowingly hiring, as a non-certificated employee, any individual who has been convicted of a crime involving:<br>• An offense under § 3-307 of the Criminal Law Article;<br>• Child sexual abuse under § 3-602 of the Criminal Law Article, or an offense under the laws of another state that would constitute child sexual abuse under § 3-602 of the Criminal Law Article if committed in this State; or<br>• A crime of violence as defined in § 14-101 of the Criminal Law Article, or an offense under the laws of another state that would be a violation of § 14-101 of the Criminal Law Article if committed in this State. |
| MD. CODE REGS. 10.09.54.06(B)(6). | **Home/Community Based Services Waiver for Older Adults:** Individuals seeking employment as Personal Care Aides are disqualified from employment if they have been convicted of, received a probation before judgment for, or entered a plea of nolo contendere to a felony or any crime involving moral turpitude or theft, or have any other criminal history that indicates behavior which is potentially harmful to participants. |
| MD. CODE REGS. 10.09.54.07(D)(2). | **Home/Community Based Services Waiver for Older Adults:** Individuals seeking employment as Respite Care Workers are disqualified from employment if they have been convicted of, received a probation before judgment for, or entered a plea of nolo contendere to a felony or any crime involving moral turpitude or theft, or have any other criminal history that indicates behavior which is potentially harmful to participants. |
| MD. CODE REGS. 10.07.14.17(B)(4). | **Assisted Living Programs:** State Regulations governing the Staff at Assisted Living Programs prohibit the employment of staff having criminal convictions or criminal history that indicates behavior that is potentially harmful to residents, as evidenced through a criminal history records check or a criminal background check. (The definitions of Assisted Living Programs are set out in the Appendix. See App, Subsection B at page v, note 1). |

| Statute/Regulation | Prohibitions/Explanation |
|---|---|
| MD. CODE REGS. 10.07.14.27(B). | **Assisted Living Programs:** An assisted living program may not knowingly employ an individual who has any criminal conviction or other criminal history that indicates behavior that is potentially harmful to residents, documented through either a criminal background check, or a criminal background check. |
| MD. CODE REGS. 10.22.02.11(B). | **Developmental Disabilities Worker:** A licensee may not employ or contract with any person who has a criminal history which would indicate behavior potentially harmful to individuals, documented through either a criminal history records check or a criminal background check, pursuant to Health-General Article, § 19-1902 et seq., Annotated Code of Maryland, and COMAR 12.15.03. |
| MD. CODE REGS. 12.10.01.17(A). | **Uniform Correctional Officer:** The disqualifying convictions for Uniformed Correctional Officers are set out in the Appendix. See App, Subsection B at page A-5, note 2. |

**Examples of Statutory Required Background Checks**

| Statute/Regulation | Background Check/Explanation |
|---|---|
| MD. CODE ANN., FAM. LAW §5-561(b)(1)-(10). | **Child Care Services/Foster Care:** Requires employers and employees in facilities that care, supervise, or have access to children to be subjected to criminal history checks. (Lists of facilities are detailed in the Appendix. See App, Subsection B at page A-6, note 3). |
| MD. CODE ANN., HEALTH-GEN. § 19-1902(a)(1)(i)-(ii). | **Adult Dependent Care Program:** Before an eligible employee may begin work for an adult dependent care program, each adult dependent care program shall, for each eligible employee apply for a State criminal history records check or request a private agency to conduct a background check. (The meaning of Adult Dependent Care Program is set out in the Appendix. See Apps, Subsection A at page A-7, note 4). |
| MD. CODE ANN., PUB. UTIL. COS. § 10-104(a)(1)(v). | **For Hire Driving Services:** An applicant for a for-hire driver's license shall apply to the Criminal Justice Information System Central Repository of the Department of Public Safety and Correctional Services for a State criminal history records check. |
| MD. CODE ANN., PUB. UTIL. COS. § 10-102(e)(1) | **Drivers for Government or Non-Profits:** A driver employed or offered employment by a governmental unit or not-for-profit organization shall apply to the Criminal Justice Information System Central Repository of the Department of Public Safety and Correctional Services for a State criminal history records check on or before the first day of the driver's actual employment. |

| Statute/Regulation | Background Check/Explanation |
|---|---|
| MD. ANN. CODE. art. 83C, § 2-132(a)(1). | **The Department of Juvenile Justice:** The Department shall apply to the Criminal Justice Information System Central Repository of the Department of Public Safety and Correctional Services for a federal and State criminal history records check for each employee of the Department, within the first month of employment with the Department. |
| MD. CODE ANN., BUS. OCC. & PROF. § 18-303(a)(3), (e)(1). | **Security System Technicians:** Persons providing security system services shall submit a set of their fingerprints to a national and state search of criminal records done by Criminal Justice Information Systems. |
| MD. CODE ANN., PUB. SAFETY § 3-305(a)(1)-(2). | **Special Police Officers:** The Secretary shall investigate the character, reputation, and qualifications of each applicant for a commission. The investigation shall include an investigation of the applicant's criminal record, including checking records of local police departments and the Federal Bureau of Investigation. |
| MD. CODE ANN., BUS. REG. § 12-204(b) | **Second Hand Precious Metal Object Dealers and Pawnbrokers:** Applicants for licenses under § 12-201 (Dealers) of this subtitle and individuals whose names must be submitted to the Secretary under § 12-203 (Employees) of this subtitle shall apply to the Central Repository for a national and State criminal history records check on a form approved by the Director of the Central Repository. |
| MD. CODE ANN., BUS. OCC. & PROF. § 19-304(c)(1). | **Security Guard Agency Licenses:** The Department of State Police shall apply to the Central Repository for a State and national criminal history records check for each license applicant. |

**Examples of Optional Background Check**

| Statute/Regulation | Background Check/Explanation |
|---|---|
| MD. CODE ANN., CRIM. PROC. § 10-231(a). | **Anne Arundel County:** In accordance with guidelines that the Anne Arundel County Council adopts by resolution, the Director of Administration of Anne Arundel County may request a State and national criminal history records check from the Central Repository for a prospective employee of Anne Arundel County. |
| MD. CODE ANN., CRIM. PROC. § 10-232(b)(1)-(2). | **Carroll County:** The County Commissioners of Carroll County may request a State and national criminal history records check from the Central Repository for: (1) a current or prospective employee of Carroll County who is or will be assigned to a position that |

A-9

APPENDIX

| Statute/Regulation | Background Check/Explanation |
|---|---|
| | involves: (i) inspections; (ii) approval or denial of a permit, license, or other grant of authority; (iii) work in the offices of the County Commissioners, sheriff, State's Attorney, circuit court, or county attorney; or (iv) collecting or handling money; or (2) a current or prospective employee of a person that has a contract with Carroll County if the contract involves work in a place that requires security of personnel or files, including the county courthouse, the local correctional facility, the State's Attorney's office, a county commissioner's office, the county attorney's office. |
| MD. CODE ANN., CRIM. PROC. § 10-233(a). | **Howard County:** The County Administrator of Howard County may request a State and national criminal history records check from the Central Repository for a prospective employee of Howard County. |
| MD. CODE ANN., CRIM. PROC. § 10-234(b). | **Montgomery County:** In accordance with this subtitle, Montgomery County may request a criminal history records check from the Central Repository or through the Department from the Federal Bureau of Investigation on an applicant for a taxicab license or licensee seeking a renewal of a taxicab license. |
| MD. CODE ANN., CRIM. PROC. § 10-235(b)(1)-(2). | **Washington County:** The County Administrator in Washington County may request with reference to a prospective employee of Washington County: (1) a State and national criminal history records check from the Central Repository; or (2) a background investigation from an independent private investigation agency. |
| MD. CODE ANN., PUB. SAFETY § 6-306(a)(1). | **Fire Department/Rescue Squad and Paramedics Personnel:** may request the State Fire Marshal or other authorized agency that has access to the Criminal Justice Information System Central Repository in the Department of Public Safety and Correctional Services to conduct an initial criminal history records check on an applicant for employment or appointment as a volunteer or career firefighter, rescue squad member, or paramedic |

APPENDIX

| Licensing Statute/Regulation | Background Check/Explanation |
|---|---|
| MD. CODE ANN., HEALTH OCC. § 12-313(b)(22). | **License for Pharmacist:** the Board, on the affirmative vote of a majority of its members then serving, may deny a license to any applicant, reprimand any licensee, or suspend or revoke a license if the applicant or licensee has been convicted of or pleads guilty or nolo contendere to a felony or to a crime involving moral turpitude, whether or not any appeal or other proceeding is pending to have the conviction or plea set aside. |
| MD. CODE ANN., BUS. REG. § 9A-310(a)(1)(v) and (b)(1)-(5) | **Heating, Ventilation, Air-conditioning, and Refrigeration Contractors:** The Board may deny a license to any applicant, reprimand any licensee, or suspend or revoke a license after a public hearing if the Board finds that the individual under the laws of the United States or of any state, is convicted of: 1. a felony; or 2. a misdemeanor that is directly related to the fitness and qualification of the applicant or licensee to provide heating, ventilation, air-conditioning, or refrigeration services. The Board shall consider the following facts in the granting, denial, renewal, suspension, or revocation of a license or the reprimand of a licensee when an applicant or licensee is convicted of a felony or misdemeanor described in subsection (a)(1)(v) of this section: (1) the nature of the crime;(2) the relationship of the crime to the activities authorized by the license; 3) with respect to a felony, the relevance of the conviction to the fitness and qualification of the applicant or licensee to provide heating, ventilation, air-conditioning, and refrigeration services; (4) the length of time since the conviction; and (5) the behavior and activities of the applicant or licensee before and after the conviction. |
| MD. CODE ANN., BUS. OCC. & PROF. § 14-317(a)(1)(iii), (b)(1)-(5). | **License for Engineers:** Same as Directly Above. |
| MD. ANN. CODE art. 41, § 1-502(a)-(b). | **All Licenses:** As a condition to issuance of a license or renewal of a license, a licensing authority may require an individual applying for a license to disclose whether the individual has ever been convicted of a drug crime committed on or after January 1, 1991. If an individual applying for a license has been convicted of a drug crime committed on or after January 1, 1991, a licensing authority may: (1) Refuse to issue a license to the individual; or (2) Issue a license subject to any terms and conditions that the licensing authority deems appropriate under § 1-504 of this subtitle. |

APPENDIX

| Statute/Regulation | Background Check/Explanation |
|---|---|
| MD. ANN. CODE art. 41, § 1-505(b). | **All Licenses:** In deciding whether to deny an applicant's application for a license or whether to impose license sanctions against a licensee and the nature of the sanctions, a licensing authority shall consider the following factors: (1) The relationship between the drug crime and the license, including: (i) The licensee's ability to perform the tasks authorized by the license; and (ii) Whether the public will be protected if: 1. In the case of an applicant, the license is issued; or 2. In the case of a licensee, the license is not suspended or revoked; (2) The nature and circumstances of the drug crime; (3) If an individual is applying for a license or license renewal, the date of the drug crime; and (4) Any other relevant information. |
| MD. ANN. CODE art. 41, § 1-506(a). | **Commercial Drivers License:** if an individual who is convicted of a drug crime committed on or after January 1, 1991 holds a commercial driver's license, the Motor Vehicle Administration may disqualify the individual from driving a commercial motor vehicle or take any other action permitted under this subtitle. |
| MD. CODE ANN., BUS. REG. § 12-209(a)(2)(iv) & 12-209(c). | **Second Hand Precious Metal Object Dealers and Pawnbrokers:** Same as the laws spelled out above relating to Heating, Ventilation, Air-conditioning, and Refrigeration Contractors and Engineers, except that this statute applies to applicants or licensees as well as to an agent, employee, manager, or partner of the applicant or licensee. |

A-12